824

[No. 31767. Department One. December 27, 1951.]
RUTH B. BIGELOW, *Respondent*, v. WILLIAM H. BIGELOW, *Appellant*.[1]

*Cunningham & Cunningham,* for appellant.

*O'Leary, Meyer & O'Leary,* for respondent.

SCHWELLENBACH, C. J.—February 20, 1950, Honorable John M. Wilson, as judge of the superior court for Thurston county, granted a divorce to Ruth B. Bigelow against her husband, William H. Bigelow, a dentist practicing in Olympia. The decree made disposition of the property of the parties, awarded the care, custody and control of the four minor children to the mother, and ordered that the father pay the mother the sum of three hundred fifty dollars per month for the support of herself and the minor children until further order of the court.

Shortly thereafter Dr. Bigelow married his office assistant.

January 19, 1951, Dr. Bigelow petitioned the court for a modification of the decree, praying that he be given the care, custody and control of the minor children, and that he be relieved of further payment of support money to the mother and the children.

[1] Reported in 239 P. (2d) 317.

At the hearing Dr. Bigelow testified that he had enlisted in the armed services as a dentist and that his income would be five hundred forty-five dollars per month. His parents, who live in Centralia, testified that they own a large home, have sufficient income, and are ready, willing and able to care for the children.

The testimony of Dr. Bigelow and his witnesses told of drinking and improper conduct on the part of his former wife. This was denied in part by Mrs. Bigelow and her witnesses. No useful purpose would be served in relating any of this testimony in detail.

The trial court refused to change the custody of the children, but did reduce the monthly payments from three hundred fifty dollars to two hundred seventy-five dollars per month. This appeal follows.

Recognizing that in cases such as this, the welfare of the children is the paramount concern of the courts, we are faced with this problem. The record does not indicate any present desire or ability on the part of appellant and his present wife to assume the care, custody and control of the children. That leaves the matter between his parents and the respondent. From an examination of the record, we have no hesitancy in stating that appellant's parents are fit and proper in every respect to take and care for the children. But they are middle-aged. They have raised their family. It would be a real burden for them, at their age, to assume the responsibility of four boys, the oldest of whom is five and one-half years of age, and the youngest, two and one-half.

The trial judge, in his memorandum opinion, stated that the actions of the mother were "indiscreet and not to be commended." We feel that, in view of the testimony, he was quite charitable towards her. However, the trial court did not find that her conduct was such as to warrant removing the custody of the four young children from her. In view of all of the testimony, coupled with the fact that it had the parties and witnesses before it, we cannot say that the trial court erred in this respect. We agree with the

trial court that the welfare of these little boys will best be served by the love, care and attention of their own mother.

Appellant, of course, will have the right in the future, if the facts warrant, to again petition for a change of custody.

█ Appellant assigns additional error in not reducing the monthly allowance below two hundred seventy-five dollars. We feel that the reduction to two hundred seventy-five dollars a month was equitable, considering appellant's present income, together with his obligation to support his children and his former wife.

The judgment is affirmed.

MALLERY, GRADY, DONWORTH, and WEAVER, JJ., concur.