[No. 32458.   Department One.   September 17, 1953.]

WILMA NELSON, *Respondent,* v. ELMER NELSON, *Appellant.*[1]

*Fred M. Bond,* for appellant.

*Stark & Hill,* for respondent.

[1]Reported in 260 P. (2d) 886.

HILL, J.—By a decree dated December 19, 1952, the parties to this appeal were each granted a divorce. The only issues which merit consideration here relate to: (a) the custody of a girl seventeen, a boy fourteen, and girl thirteen years of age at the time of the trial; (b) the amount to be paid for their support; and (c) the fairness of the disposition of the property rights.

(a) *Custody*: The case was tried December 1, 1952. The wife began working in a tavern in January of that year, her hours being from five p.m. until closing time (midnight on Saturdays and one a.m. on other week days), with an additional forty-five minutes to an hour and a half after closing for cleaning up. At that time, the husband had no particular objection to her working in the tavern; in fact, he thought it was "quite a rig." He spent considerable time in the tavern himself. It seems to us that, so far as he is concerned, there is little basis for a claim that the mother is unfit to have custody of her children because of the nature of her employment, and very little basis for a claim of superior fitness on his part. As a matter of fact, there seemed to be little concern by either parent over how the children were spending their evenings, and neither offered the trial court anything tangible in the way of a program for the care of the children; both talked vaguely of a housekeeper, but there was nothing specific.

The trial judge announced at the conclusion of the testimony that he would award the custody to the father. The mother's counsel then suggested that the judge talk to the children, and the father's counsel, albeit reluctantly, agreed. The judge did talk to them and later commented that they seemed "to be very nice children." Custody was ultimately awarded to the mother.

The rule is that when children have reached an age of discretion, their wishes on the issue of custody may be considered but are not controlling. 27 C. J. S. 1172, Divorce, § 309 (b). And as to what is an age of discretion in this regard (note the qualifying words), the authorities hold that the test is whether the child is sufficiently mature to

have intelligent views and wishes on the subject. *Hurner v. Hurner*, 179 Ore. 349, 170 P. (2d) 720 (1946). We affirmed a change in custody of two girls eighteen and sixteen years of age "chiefly because of the wishes of the children themselves." *Frates v. Frates*, 135 Wash. 567, 238 Pac. 573 (1925).

■ However, an interview with the children by the trial judge, "off the record" and with the consent of the appealing party, makes impossible any effective review of the custody issue, as we have no way of knowing what the children told the trial judge or how much he was influenced thereby. We are not in a position to say that the trial judge abused his discretion in awarding the custody of these children to the mother.

(b) *Support for the children*: By the decree, the father was directed to pay to the mother, for the care and support of the minor children, the sum of $150 a month.

The wife testified that her husband brought home between $300 and $350 a month. She had been made manager of the tavern in August of 1952, at a salary of $300 a month. The husband testified that he received between $250 and $300 a month, and that, when he worked overtime, he occasionally received a little more than $300, but that did not happen often.

The husband was ordered to pay practically all of the community obligations, amounting to at least $1,700 and perhaps considerably more. The wife and children were to have the free occupancy of the family home.

The findings, conclusions, and decree are not sufficiently explicit to enable us to determine whether or not the award for the support of the children was excessive under the circumstances. If, as the trial judge indicated in one of his statements, the wife was to be allowed to continue her employment as a tavern manager earning practically the same amount as her husband, then $100 a month from the husband would be all that could be justified under the circumstances of the parties. But if, as indicated in argument, the wife has relinquished her position as tavern manager and taken less lucrative employment so that she could be

with her children when they were out of school, $150 a month could be justified.

The findings make no reference to the wife's employment and earnings, and without a finding on those points we are unable to pass upon the propriety of the provision made for the support of the children. The only finding that can be made from the present record is that she is manager of a tavern and earns $300 a month; any finding as to other employment and earnings would have to be based upon a stipulation by the parties as to the situation when the findings of fact were made.

■ (c) *Disposition of property interests*: We are convinced that in at least one detail the disposition of the property is not fair and equitable. The husband and wife are made tenants in common of the home property, and the wife is allowed to retain possession of it free of charge during the minority of the children or until she remarries. The husband is required to pay a mortgage indebtedness of $456 against the property, and by so doing he increases the value of the wife's interest as a tenant in common. The decree should provide that the husband shall have a lien on the proceeds of the sale of the property, if and when sold, for the amount of the payments he makes on the mortgage.

■ The case is remanded with instructions to change the decree to provide for such a lien, and with instructions to make a finding as to the wife's employment and the amount of her earnings and to reduce the amount of support money for the children to $100 a month if the finding is that she has continued her employment as a tavern manager or in any other capacity which enables her to earn $250 a month or more. The parties shall pay their own costs on this appeal.

GRADY, C. J., MALLERY, WEAVER, and OLSON, JJ., concur.

---

November 6, 1953. Petition for rehearing denied.