[No. 32879. Department One. July 22, 1954.]

LOIS MARIE SUSNAR, *Appellant,* v. TONY SUSNAR, JR., *Respondent.*[1]

*Elliott & Schneider,* for appellant.

*Caley & Armstrong,* for respondent.

OLSON, J.—This is an appeal by a mother from an order denying her petition to modify the custody provisions of a modified decree of divorce.

The parties were divorced by an interlocutory decree entered March 2, 1946, made final January 10, 1947, and providing that plaintiff mother have custody of the minor girl of the parties.

[1]Reported in 273 P. (2d) 237.

This decree was modified July 21, 1953, to provide that the child be in the custody of her father. The mother gave notice of appeal from this order and, while the appeal was pending, presented her petition, verified August 29, 1953, seeking remodification to return the child to her custody. Finding that jurisdiction of the case was lodged in the supreme court, she dismissed her appeal. This decision was reached after a conference between the court and counsel for both parties, apparently upon the understanding, as it was expressed by the judge, that only facts occurring since the modification would be considered upon the hearing on the second petition. The same judge heard both petitions.

In her present appeal, the mother has assigned error to some of the findings of fact supporting the order of July 21, 1953. These will not be considered because, when the appeal from it was dismissed, that order became final and *res judicata* upon the issue of custody, determined on conditions then existing. *Brim v. Struthers*, 44 Wn. (2d) 833, 835, 271 P. (2d) 441 (1954), and cases cited, particularly *Heuchan v. Heuchan*, 38 Wn. (2d) 207, 214, 228 P. (2d) 470 (1951), and cases there cited.

Other assignments of error are directed to the findings of fact entered after the hearing on the second petition. It would serve no useful purpose to discuss these assignments in detail. It is sufficient to say that the evidence does not preponderate against them or show any abuse of discretion by the trial court, and they will not be disturbed. The mother failed to prove any material change in the circumstances of the parties, subsequent to the order of July 21, 1953, to justify or require its modification in the interest of the welfare of the child.

The girl was eleven years of age at the time of the second hearing, and was brought to the courthouse to be available to testify, in compliance with an order obtained by her mother. She was called as a witness, after her mother had rested her case and her father had moved for dismissal. The court asked counsel for the mother in what regard the

child's testimony would be other than cumulative. Counsel did not offer to prove any material fact or circumstance not then in evidence, but apparently wanted the child to express her "wishes." The court then stated, in substance, that, since all of the conditions under which the child was living had been disclosed by the evidence, and it might be detrimental to the child to be called as a witness, she would not be permitted to testify.

 In considering the mother's claim that this denial was erroneous, we need not discuss or decide whether or not discretion ever is lodged in the court hearing a child custody case, to refuse to allow the child involved to testify upon the issue of his or her custody because participation in the proceeding might be detrimental to the child. Regardless of that question, or of the competency of this child as a witness, we cannot say, upon the record in this case, that the court abused its discretion or erred, so that either the interests of the mother or the welfare of the child was prejudiced by its ruling. There is nothing in any offer of proof to indicate that the child's testimony would have affected the decision of this case. See *Allen v. Allen*, 38 Wn. (2d) 128, 134, 228 P. (2d) 151 (1951). In any event, assuming that she was sufficiently mature to have intelligent views on the subject, her "wishes" are not controlling upon the issue of her custody. *Nelson v. Nelson*, 43 Wn. (2d) 278, 279, 260 P. (2d) 886 (1953).

The order is affirmed.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.

---

September 21, 1954. Petition for rehearing denied.