[No. 35529.     Department Two.     January 19, 1961.]

MAUDE W. RUTHERFORD, *Appellant,* v. FREDERICK W. RUTHERFORD, *Respondent.*[1]

*Wright, Booth & Beresford (Paul M. Anderson,* of counsel), for appellant.

*Rosling, Williams, Lanza & Kastner* and *DeWitt Williams,* for respondent.

PER CURIAM.—The final judgment in this divorce case was entered in December, 1958, but the appellant's brief was not filed in time to calendar the appeal before the September term, 1960. The case was orally argued November 14, 1960.

Both parties were awarded a divorce. Upon the wife's appeal, she urges three points: (1) That she should have been awarded a larger portion of the husband's professional earnings in the interval between the separation and the trial; (2) that her alimony allowance was inadequate; and (3) that the allowance for the care and support of the nine-year-old daughter awarded to her was inadequate.

[1]Reported in 358 P. (2d) 553.

The parties were married for twenty-one years. Respondent husband is a physician and surgeon. There are four children. Respondent husband was awarded custody of the three boys, one of whom suffers a serious physical defect which entails an added financial burden; appellant wife was awarded the custody of the nine-year-old daughter.

One half of the value of the community property, or $55,512.71, was awarded the appellant wife. In the interval between the separation and the trial of the divorce case, the unpaid professional earnings of the husband on his books amounted to $46,780.37. Of this sum, the decree awarded to the wife $13,125. The appellant urges that the true value was $37,597.19, and that she was entitled to half of this amount.

The method of division was explained by the trial court in the following manner.

"Well, I am of the opinion that their market value would not be more than the fair, cash market value at which they could be liquidated without his constant services there, would not be more than 50 per cent of that amount. That is what I will allow, 50 per cent of the 26,000."

Respondent husband was required to pay all of the community obligations which totaled $186,592.99. The record discloses that, in making the division of the husband's earnings during the interval between the separation and the divorce, the trial court exercised the most painstaking care, and, in fixing the sum to be awarded the wife from these earnings at $13,125, we find nothing wrong.

The court made a property allowance to the appellant wife of $55,000. In addition, she is employed by the university of Washington as a music instructor. While there is a dispute between the parties as to the amount of her earnings, nevertheless, the court found that she did have an earning capacity and that she was but forty-two years of age, attractive and in good health. We see no reason for disturbing the allowance with respect to alimony.

The court awarded the custody of the nine-year-old daughter to the appellant wife and fixed the allowance of her support at one hundred fifty dollars a month until she became of age or married. We are unable to say that this amount is unreasonable.

The judgment is affirmed.