[No. 36257.   Department Two.   March 14, 1963.]

ELMER J. NELSON, *Appellant,* v. MARGARET L. NELSON, *Respondent.*\*

*Eugene D. Zelensky,* for appellant.

*Mary E. Burrus,* for respondent.

DONWORTH, J.—This is a divorce action in which the principal issue is the matter of property disposition. Appellant, Elmer J. Nelson, sued respondent, Margaret L. Nelson, for divorce, and she cross-complained for divorce against appellant. A few days prior to trial, respondent's motion to strike appellant's complaint for the failure to answer interrogatories was granted without prejudice to appellant's right to introduce evidence at the trial. A divorce decree was granted respondent upon her cross-complaint after trial of the cause.

The parties to this divorce action are two middle-aged

*Reported in 379 P. (2d) 717.

persons. They were married in November, 1956, and appellant filed suit for divorce in July, 1960. No children were born as issue of the marriage. The evidence upon which the decree of divorce was granted to respondent was not controverted at the trial.

■  Appellant's first assignment of error is that the trial court erred in entering its order striking appellant's complaint. (The court, at the beginning of the hearing on the merits, declined to reconsider the ruling previously made by another judge.) It is contended that the court abused its discretion in striking the complaint. We need not decide this question because appellant was not prejudiced by the striking of his complaint, since the marriage was dissolved pursuant to the allegations contained in respondent's cross-complaint. In *Smith v. Smith,* 45 Wn. (2d) 672, 277 P. (2d) 339 (1954), we said:

"Appellant urges that the court erred in dismissing his complaint for a divorce. If this was error, it was not prejudicial, since the decree which was entered gives appellant the result he sought—a divorce of the parties. The principle here applied is similar to that which governs where both parties seek and obtain a divorce, but one party assigns as error the granting of a divorce to the opposite party. See *Merkel v. Merkel,* 39 Wn. (2d) 102, 234 P. (2d) 857, and cases there cited."

The remaining assignments of error relate to the following: (1) The finding that the house in which the parties resided during their marriage is the separate property of respondent, and the awarding of such property to respondent; (2) the finding "that there are no community indebtednesses and that the plaintiff is responsible for debts incurred by him," and ordering appellant to hold respondent harmless on account of such debts.

■  First of all, it should be pointed out that, in a divorce proceeding, *all* property of the parties is before the court for a just and equitable disposition. RCW 26.08.110. Since the house was virtually the only property of any significance before the court to be disposed of, the interest

of the respective spouses therein will be critically examined.

Appellant is in no position to question the trial court's characterization of this property as the separate property of respondent. A quitclaim deed executed by appellant conveying to respondent any interest which he had, or might acquire therein, was admitted in evidence. This deed contained the following provision:

"It is understood that the grantor and grantee are husband and wife and that it is the purpose of the grantor to divest himself of any and all right, title or interest in and to the above and foregoing described real estate, already acquired or hereafter acquired, whether such interest be separate, community, mixed or otherwise and vest said title in said grantee, as her sole and separate property."

The character of the property was thus fixed by the delivery of this instrument.

Looking to the source of the acquisition of this property, we find that it was stipulated, in open court, that $6,000 of the purchase price was appellant's separate property. The equity in the house at the time of the trial was approximately $7,000. Although there is testimony that appellant made improvements to the property, there is also testimony that these improvements added nothing to its monetary value. The finding of the trial court regarding the status of the home property (No. 4) is supported by substantial evidence. Furthermore, there is no showing of any inequity to appellant by awarding this property in its entirety to respondent.

The assignments of error in regard to the indebtedness of the parties are not well taken. Appellant, in his argument pertaining to these alleged errors, attempts to relate them to his assignment of error regarding the striking of his complaint (which we have already disposed of). He argues that he should have been allowed, in presenting his case, to show that many community debts were incurred by both parties. The answer to this contention is that the record is bare of any indication that appellant was prevented from presenting such evidence if it existed. As previously stated, the striking of his complaint (as ex-

pressly stated in the court's order) was without prejudice to appellant's right to introduce evidence.

██ We have considered all the alleged errors argued by appellant. The crux of the matter is that the property disposition of the trial court will not be disturbed unless it can be shown that there has been an abuse of discretion. *Patrick v. Patrick,* 43 Wn. (2d) 139, 260 P. (2d) 878 (1953). Appellant has failed completely to make such a showing.

The assignments of error being without merit, the decree of the trial court is affirmed.

OTT, C. J., FINLEY, HUNTER, and HAMILTON, JJ., concur.