[No. 37672.   Department One.   December 30, 1965.]

KENNETH GARRETT, *Appellant*, v. LOIS GARRETT, *Respondent.*\*

*Joe McAdams*, for appellant.

*Collins & Allan* (*W. Edward Allan*, of counsel), for respondent.

OTT, J.—Kenneth and Lois Garrett were married June 2, 1940. They adopted Gregory Garrett when he was 3 weeks old. At the time of their divorce, he was 13 years

*Reported in 409 P.2d 470.

of age. They have no other children. Kenneth Garrett has appealed from the decree of divorce, alleging that the court erred in the disposition of community property and the award for child support.

Appellant, at the time he sought and obtained a divorce from respondent, was employed by the Preston Tractor Company in Othello. His take-home pay was $357 a month. Respondent was 41 years of age at the time of the divorce, and was employed at a salary of $28 a week. Prior to her marriage and for several years thereafter, she was employed in Quincy, and has had sales experience.

Appellant and respondent had acquired the following community assets: Residence property in Quincy (value $11,000, mortgage $8,500, equity $2,500), complete household furnishings, including television, electric washer and dryer, deepfreeze unit, refrigerator, fully equipped kitchen, normal living room furnishings, wall-to-wall carpeting, and two bedroom suites (the record does not establish the value of these household effects), electric organ (cost $1,200), 1959 Chevrolet (cost $900, mortgage, $450, equity $450)—a total of $4,150 exclusive of the value of the household furnishings.

The court awarded all of the community property to the respondent. Appellant asserts that the court abused its discretion in this regard.

█ RCW 26.08.110 provides, *inter alia*, that in a divorce proceeding the court is to make "such disposition of the property of the parties, either community or separate, as shall appear just and equitable, having regard to the respective merits of the parties, to the condition in which they will be left by such divorce . . . ."

In *Rutherford v. Rutherford,* 57 Wn.2d 908, 358 P.2d 553 (1961), we approved equal distribution of the community property.

". . . . The community property was divided as equal as possible according to the nature of the property." *Sonmore v. Sonmore,* 57 Wn.2d 845, 846, 360 P.2d 359 (1961).

". . . . The court properly awarded to each of the parties, respectively, their traceable separate property, and

divided the community property equally." *Ovens v. Ovens,* 61 Wn.2d 6, 8, 376 P.2d 839 (1962).

"First of all, it should be pointed out that, in a divorce proceeding, *all* property of the parties is before the court for a just and equitable disposition." *Nelson v. Nelson,* 61 Wn.2d 608, 609, 379 P.2d 717 (1963).

Although the division of community property need not be exact, it must be just and equitable. Only a manifest abuse of discretion justifies this court in setting the division aside. *Robuck v. Robuck,* 62 Wn.2d 917, 920, 385 P.2d 50 (1963).

We have consistently held that the court, in a divorce proceeding, must make a just and equitable distribution of the community property of the parties, where there has been no waiver of this right. It follows that an award of *all* the community assets to one party is a manifest abuse of discretion.

Appellant requested that respondent be awarded the home, in which the community owned an equity valued at $2,500, and the household furnishings, having an undetermined value. Under these facts, an equitable division of the community assets requires that the remaining assets, consisting of the electric organ and the automobile, having a total estimated value of $1,650, be awarded to appellant.

The trial court awarded respondent $200 a month child support. Appellant asserts the award to be excessive. Appellant is a man of modest means. His son, aged 13, is a normal, healthy growing boy. An award for child support is not in lieu of alimony, but should be predicated upon the normal and reasonable costs of clothing, medical and dental expense, education, food, and incidental needs of the child. The cost of maintaining a home for the mother and child is properly considered as an element in fixing an alimony award.

An award to the mother for child support must be predicated upon the needs of the child and the contribution the mother is able to make, together with the ability of the father to pay. Each divorce case must be considered

in the light of the particular circumstances involved. In similar cases, we have approved an award for child support of approximately $50 a month. *DeRiemer v. Old Nat'l Bank of Spokane*, 60 Wn.2d 686, 374 P.2d 973 (1962); *Stablein v. Stablein*, 59 Wn.2d 465, 368 P.2d 174 (1962); *Bigelow v. Bigelow*, 39 Wn.2d 824, 239 P.2d 317 (1951).

■ We hold that the court erred in granting respondent an award of $200 a month for child support.

It is apparent that the trial court intended that part of the award of $200 a month for child support was in lieu of alimony. In accordance with the decree, the appellant is required to make installment payments on delinquent support allowances which had accrued at the time of trial, also monthly installment payments for attorney's fees and costs of the trial. He will now be required to pay additional attorney's fees (to be fixed by the court) and costs on appeal. The respondent is able to work and has earning capacity.

The record before us would sustain an alimony award of $100 a month and, in addition, an award for child support of $75 a month. Since the court failed to enter an award for alimony, the cause is remanded for further hearing on the issue of alimony, unless the parties agree to accept the award above suggested, in which event the decree will be entered accordingly.

The cause is remanded with instructions to modify the decree in accordance with the views herein expressed. As so modified, the decree is affirmed. Respondent will recover costs.

ROSELLINI, C. J., HILL and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.