GAIL SILVERTON, *Respondent*, v. EUGENE SILVERTON,
*Appellant.**

*Charles S. Wheeler*, for appellant.

*Cyrus A. Dimmick*, for respondent.

FINLEY, C. J.—This appeal is an aftermath of a divorce proceeding in which both the husband and wife sought and were granted a divorce. The custody of the only child, a minor, was given to the mother.

Neither party questions the granting of the divorce. The appellant questions only the child custody award as ordered by the trial court. This challenge is on the ground the mother is not a fit and proper person to have the custody of the minor child.

It would serve no purpose to detail the unpleasant circumstances involving, among other things, charges and counter-charges of infidelity on the part of each of the par-

*Reported in 427 P.2d 1001.

ties. It is sufficient to say the record in this case reveals a situation somewhat approximating a mudslinging contest on the part of both parties with some direct hits as to each.

In *Norman v. Norman*, 27 Wn.2d 25, 176 P.2d 349 (1947), the court indicated that under some circumstances the infidelity of the mother is not necessarily determinative of her fitness to have the custody of minor children. The reasoning of the *Norman* decision seems to us to be controlling in the instant matter. In addition, however, in *Chatwood v. Chatwood*, 44 Wn.2d 233, 239-40, 266 P.2d 782 (1954), the court said:

> In reviewing the long line of custody decisions of this court, several significant guiding principles or considerations emerge. From time to time these may serve to aid the trial courts and this appellate court in meeting the responsibility of attempting to resolve problems of child custody. These guiding principles and considerations, gleaned from previous child-custody decisions, might be outlined somewhat as follows:
>
> 1. Each case must be considered and determined separately, upon its own facts and the situation before the court;
>
> 2. The best interests and welfare of the children in custody matters are the paramount and controlling considerations. The interests of parents, including claims of the right to child custody, are subsidiary in relation to consideration of the welfare of their children;
>
> 3. Those factors usually inherent in the mother-child relationship must be considered in relation to the age and sex of the children. However, in this connection, socially desirable traits of character, emotional maturity, economic ability or stability of the mother, cannot be disregarded;
>
> 4. The findings of the trial courts will be accepted as verities on appeal, unless the record evidence clearly preponderates against such findings;
>
> 5. Trial courts must necessarily be allowed broad discretion in custody matters, because so many of the factors to be considered can be more accurately evaluated by the trial judge, who has the distinct advantage of seeing and hearing witnesses, and is in a better position to determine their credibility, than the members of an

appellate court, who have access only to the printed record on appeal, and to the briefs and argument of counsel.

In the instant case, the significant evidence of the contending parties is in absolute conflict. If we were the triers of fact and were making an initial determination here, we might very well decide in favor of the appellant's contentions. A decision depriving this mother of the custody of her minor daughter certainly is not an easy one. It is difficult and disturbing, and we are reluctant to reach that result. However, considering the situation in this case as it was presented to the trial court, and the fact that it has been presented to that court and a decision reached, and considering all that we have said hereinbefore, it is our best judgment that the custody disposition made by the trial court in this case should not be disturbed. The judgment is in all respects hereby affirmed.

We are persuaded that the trial judge did the best he could and that he made an appropriate award of custody considering all of the circumstances involved.

For this reason and on the authority of the decisions in *Norman* and *Chatwood*, referenced above, the trial court should be affirmed. It is so ordered.

DONWORTH, ROSELLINI, and HAMILTON, JJ., and LANGENBACH, J. Pro Tem., concur.