[No. 40114. Department One. September 11, 1969.]

JOAN PUCKETT, *Respondent,* v. DAVID G. PUCKETT, *Appellant.*\*

*Cook, Flanagan & Berst* and *Robert A. Berst,* for appellant.

*Riddell, Williams, Voorhees, Ivie & Bullitt,* for respondent.

HALE, J.—The perfect divorce decree has rarely been entered; this one is no exception. If a divorce decree makes

\*Reported in 458 P.2d 556.

the best of what is usually a bad situation, little else can be expected of it. Defendant husband appeals that part of the decree which granted his wife custody of their two minor children and fixed child support at $450 per month for each child.

Joan and David Puckett married in 1952. At the time of the divorce in 1967, their two daughters were 11 and 12 years of age and their community property amounted to $107,000. According to the court's findings, the defendant husband had separate property valued at approximately $313,000, consisting primarily of 50 per cent ownership of the capital stock in a company which he managed, and an interest in his deceased parents' estates worth $143,000. His income as president-manager of the Puckett Company included an annual salary of $30,000 along with an $18,000 bonus received during the year of the divorce action.

The court granted plaintiff wife custody and care of the two minor daughters and the husband assigns this as error. He contends that the record shows a history of repeated misconduct and infidelity on the wife's part so serious as to demonstrate her unfitness to have custody of the two young girls. On this point, no good purpose will be achieved by a recital of the evidence. Suffice it to observe concerning the custody of both children that the court from substantial evidence found that both parties were "fit and proper persons to have their custody" and that each had been guilty of misconduct "rendering life burdensome as a result of association with others of a different sex."

Abundant evidence was presented also to establish that the plaintiff was a devoted, affectionate and industrious mother, had an abiding interest in the welfare of the children and maintained a good home for them. She provided for their education, saw to it that they received extracurricular instruction in ballet and music, took them skiing, swimming and camping and on picnics, arranged parties for them, and showed interest in their school work. She dressed them well and maintained a good home for them and in general provided the two girls with a wholesome, pleasant and congenial environment.

There was evidence, too, that the husband worked extremely hard at his business and, from the standpoint of the children's welfare, for overlong hours; that he drank frequently and on some occasions to excess; that, although he was a good provider, he seldom showed warmth or affection toward his daughters. Thus, we think that the court was well within its discretion when, after a long and bitter trial and a finding that both parents were suitable for custody, it nevertheless placed the two girls in the custody of the mother. It should not be overlooked that, on the question of fault and custody, the court found only that "Each of the parties has been guilty of cruel treatment and personal indignities toward the other party rendering life burdensome as a result of association with others of a different sex." A choice had to be made, and the court's choice was well within the evidence.

■ The primary judicial concern in matters of child custody is the welfare of the children. In our opinion, the record here did not, as defendant contends, require a finding that the children had been exposed or subjected to immoral influences. The record fails to show that the court abused its discretion in placing the custody of the two young girls in their mother. *Silverton v. Silverton*, 71 Wn.2d 276, 427 P.2d 1001 (1967); *Westlake v. Westlake*, 52 Wn.2d 77, 323 P.2d 8 (1958).

■ Assigning error to the award of $450 per month each for the support of the two daughters, the defendant contends that the sum of $900 per month for the support of two girls is excessive, unreasonable and constituted an abuse of discretion. The amount of child support to be fixed and its duration derive from many things, including all circumstances which can reasonably be said to have a bearing on the future welfare of the children and the economic circumstances of the parents. In fixing child welfare, the court's views inevitably will be influenced in a large degree by the earnings and earning capabilities of the parents and their future economic prospects, the age and condition of health of all of the parties, their standard of living prior to

the divorce, and how nearly it may be approached or enhanced afterwards. Thus, the law, recognizing that young children are virtually helpless to affect their own economic future, aspires to perpetuate for the children of divorced parents a standard of living in some degree compatible with that provided them before the divorce. In most cases, of course, that goal is impracticable; but here it is attainable without serious adverse affects upon the father's economic future.

The rule is stated in *Garrett v. Garrett,* 67 Wn.2d 646, 409 P.2d 470 (1965), that "An award for child support is not in lieu of alimony, but should be predicated upon the normal and reasonable costs of clothing, medical and dental expense, education, food, and incidental needs of the child." And these standards must inevitably be related to the standards which the parties provided for the children during marriage and the general standard of living which, all things considered, ought to be afforded them in the future.

Applying these principles the property distribution becomes relevant in determining the amount to be granted for child support. The trial court awarded to plaintiff wife the family home valued at about $73,000, subject to a $27,492.27 mortgage, and the household furniture and furnishings. The home, it was contemplated, would be occupied by the children with their mother after the divorce. The wife also received a boat, $2,500 in cash, an automobile and a few other items, bringing her share of the awarded property to a value of $55,712.60 or approximately one half the community property. She was also granted temporary alimony of $300 per month for 4 years.

The husband was awarded one half the community property, or approximately $55,000, and his separate property, the total of both being about $364,000. His income in the ensuing years could be expected to run at least $40,000 annually with likelihood that it would be substantially higher. Contrarily, the wife during marriage had not been steadily employed and any job she might obtain would probably produce no more than a modest salary. Income, resources and economic prospects are factors to be consid-

ered in fixing child support. *Clark v. Clark,* 72 Wn.2d 487, 433 P.2d 687 (1967); *Garrett v. Garrett, supra.*

Under all of the circumstances shown, defendant has failed to establish that the trial court abused its discretion in fixing the child support for each child at $450 per month. Accordingly, the decree should be and is affirmed.

WEAVER, ROSELLINI, and HAMILTON, JJ., and OTT, J. Pro Tem., concur.