[No. 3114-1.    Division One.    July 12, 1976.]

JOYCE E. CHILDERS, *Respondent*, v. LELAND E. CHILDERS, *Appellant*.

*Donald E. Watson* and *Stephen R. Thomas,* for appellant.

*Stephen K. Harpold,* for respondent.

WILLIAMS, C.J.—Leland E. Childers appeals from that part of the judgment in a dissolution of marriage action ordering him to pay support of $150 per month to each of his three sons until

> each son ceases to be enrolled in an accredited school, college or university as a full-time student pursuing a baccalaureate degree and ceases to be otherwise dependent upon the parties for support.

to pay tuition, books, and miscellaneous educational fees of each son, to pay the wife

> the sum of $500.00 per month as and for her separate maintenance until such time as she ceases to be enrolled as a full-time student in an accredited school, . . . pursuing a baccalaureate degree or equivalent.

and to

> maintain for the benefit of the wife and sons herein medical and dental insurance until such time as the sons are no longer dependent upon the parties for support.

The eldest son was 20 years old when the decree of dissolution was entered and is presently enrolled in an accredited college as a full-time student. The second son is now 20 years old and the third son 17 years old. Mrs. Childers is pursuing a baccalaureate degree in an accredited college.

The principal question in this case is whether the trial court acted within its jurisdiction in decreeing that the father support his children in college after they attain the age of majority.

The applicable part of the dissolution of marriage act, RCW 26.09, reads as follows:

> In a proceeding for dissolution of marriage, . . .

the court may order either or both parents owing a duty of support to any child of the marriage dependent upon either or both spouses to pay an amount reasonable or necessary for his support.

RCW 26.09.100.

Accordingly, the father may be required to support each child if (1) he owes such child a duty of support, and (2) the child is dependent upon him. We presume that a college student is dependent, especially so if his father is under court order to provide full support. We do not believe, however, that there is a duty of support beyond the age of 18, the age of majority. RCW 26.28.010.

At the common law and in the statutes of this state, the rule is that a parent owes a duty of support to his children only during their minority. *State v. Russell*, 68 Wn.2d 748, 415 P.2d 503 (1966); *State v. Williams*, 4 Wn. App. 908, 484 P.2d 1167 (1971). The one exception is that a parent may have a continuing duty to care for a defective adult child. As our Supreme Court said in *Schultz v. Western Farm Tractor Co.*, 111 Wash. 351, 354, 190 P. 1007, 14 A.L.R. 514 (1920):

> Doubtless the legal duty of a parent to support his normal children ceases at the age of majority, but the rule is not the same with respect to his defective children, whether the defect be mental or physical. To these he owes a continuing obligation of support, which ceases only when the necessity for support ceases.

*Van Tinker v. Van Tinker*, 38 Wn.2d 390, 229 P.2d 333 (1951).

In *Herzog v. Herzog*, 23 Wn.2d 382, 385, 161 P.2d 142 (1945) the Supreme Court said:

> Where, as in the case at bar, the decree makes an award for the benefit of a minor child, the court retains jurisdiction over that child and, during the child's minority, can modify, enlarge, or diminish the decree for the minor child's support. *Ruge v. Ruge*, 97 Wash. 51, 165 Pac. 1063.
>
> The father's liability under a decree for the support of a minor child ceases when the child reaches its majority.

*Evans v. Evans,* 116 Wash. 460, 199 Pac. 764; 27 C. J. S. 1251. This is true regardless of the fact that the decree recites "until the further order of this court," since, on arrival at majority, the child is no longer a ward of the court.

Because the father, Leland E. Childers, has no duty to support his adult children, the charge upon his future income and estate is unwarranted. *Sutherland v. Sutherland,* 77 Wn.2d 6, 459 P.2d 397 (1969).

■■■ Mrs. Childers cites *In re Marriage of Melville,* 11 Wn. App. 879, 526 P.2d 1228 (1974) to support the trial court's authority to require Dr. Childers to maintain their normal but dependent children irrespective of age. *See* L. Rieke, *The Dissolution Act Of 1973: From Status to Contract?,* 49 Wash. L. Rev. 375 (1974). The *Melville* case relies upon RCW 26.09.170 which has to do with the termination, not the definition, of child support. If that section should be so construed the privileges and immunities provision of article 1 of our state constitution and the equal protection clause of the Fourteenth Amendment would be violated.

Const. art. 1, § 12 provides:

> No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations.

U.S. Const. amend. 14, § 1 provides that no state may "deny to any person within its jurisdiction the equal protection of the laws." When a statute establishes a class to receive different treatment, these constitutional provisions demand that the

> classifications must meet and satisfy two requirements: (1) The legislation must apply alike to all persons within the designated class; and (2) reasonable ground must exist for making a distinction between those who fall within the class and those who do not.

*State ex rel. Bacich v. Huse,* 187 Wash. 75, 80, 59 P.2d 1101 (1936).

The first criterion is met; the statute as construed by the

trial court applies equally to children of divorced parents. The second criterion is not met. There is no reasonable ground to make a distinction between adult children of divorced parents and adult children of married parents. Of course, there is good reason for the State to take particular interest in minor children of divorced parents. As was said in *Puckett v. Puckett*, 76 Wn.2d 703, 706, 458 P.2d 556 (1969):

> [T]he law, recognizing that young children are virtually helpless to affect their own economic future, aspires to perpetuate for the children of divorced parents a standard of living in some degree compatible with that provided them before the divorce.

But the distinction vanishes when the child becomes 18. There is no logical reason to require divorced parents to support their children for an indefinite period into their majority while married parents are free to bid their children a fiscal farewell at age 18.

The second question raised by Dr. Childers' appeal is whether the trial court erred in requiring him to support Mrs. Childers while she pursues her baccalaureate degree. It seems that Mrs. Childers' only experience is as a waitress during the early period of their marriage when she helped support Dr. Childers through his medical internship. There is evidence that Mrs. Childers is not now physically capable of working as a waitress. Even if she were, there is no immutable requirement that she return to that occupation. During the course of the marriage, the doctor has steadily improved in economic capability while Mrs. Childers has devoted her time and attention to the home and family. It is now Mrs. Childers' turn to prepare for economic independence. The trial court's decision that college rather than secretarial school is best for Mrs. Childers is within the evidence.

The final question concerns the provision for insurance for the wife and sons. As already pointed out, the duty of support ceases when each child attains the age of 18. The insurance is reasonable until then and is reasonable for Mrs. Childers until she completes her education.

This case is remanded to the superior court for modification of the decree in the particulars indicated in this opinion.

Having prevailed on this appeal, Dr. Childers shall recover costs.

FARRIS and SWANSON, JJ., concur.

Petition for rehearing denied October 11, 1976.

Review by Supreme Court pending February 10, 1977.