DAVIS v. DAVIS.

(Supreme Court, Appellate Division, Second Department.　January 9, 1903.)

1. DIVORCE—REDUCTION OF ALIMONY—APPEALABILITY OF ORDER.
　　An order modifying a decree of divorce by reducing the amount of alimony is appealable.

2. SAME—MATTERS FOR CONSIDERATION.
　　On an application for reduction of alimony, the fact that the wife was being cared for in a hospital for the insane at a very moderate rate, and that the husband had necessarily incurred and must necessarily incur large expenses for medical attendance in consequence of a serious illness, were proper matters for consideration.

Appeal from special term, Kings county.

Action for divorce by Hannan Davis against Frederick A. Davis. From an order modifying the decree by reducing the amount of alimony from $10 a week to $6 a week for a period of three years, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Charles Irving Oliver, for appellant.
Peter P. Smith, for respondent.

WILLARD BARTLETT, J. There is no doubt about the appealability of this order. Collins v. Collins, 10 Hun, 272, 277. The application to reduce the alimony called for the exercise of the discretion of the learned judge at special term, and, under the circumstances disclosed by the papers, we are not prepared to say that this discretion was not properly exercised. There is no hard and fast rule as to the proportion of a divorced husband's income which shall be applied in the form of alimony to the support of his wife. The proper amount must vary according to the circumstances of each case. The fact that a wife here was being cared for in a hospital for the insane at a very moderate rate, and that the husband had necessarily incurred and must necessarily incur large expenses for medical attendance in consequence of a serious illness, were proper matters for consideration upon the application. The reduction is limited in duration to a period of three years, and, if any change in the wife's condition requires an increased expenditure on her account, there is nothing to prevent a further application to the court to modify the decree. We think the order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.