[No. 29274. Department Two. August 3, 1944.]

MARION FLINT DILLON, *Respondent*, v. ROLL NEWELL DILLON, *Appellant*.[1]

*Mifflin & Mifflin*, for appellant.

*Hulbert, Helsell & Paul*, for respondent.

MALLERY, J.—The appellant brought this action for a modification of a decree of divorce. He appeals from the order of modification.

Appellant and respondent, after ten years of marriage, were divorced in 1938. The respondent was awarded custody of the two children, and alimony and support money in the amount of one-third of the first $12,000 of appellant's net income as a doctor and one-fourth of his income in excess thereof, with a minimum amount fixed at $225 per month. Appellant was also to maintain $20,000 insurance on his life for the benefit of respondent.

Appellant remarried in 1940, and in 1941 began making

[1]Reported in 150 P. (2d) 594.

payments of $52.50 per month on the purchase of a home. His professional income in 1942 was at the rate of $1,483 per month. Meanwhile, respondent began making payments of $56.50 per month on the purchase of a home.

In 1942, appellant was commissioned a captain in the U. S. army at a salary of $316.50 per month. He will have an income of $25 per month in payments on some property sold by him, or a total of about $340 monthly. His personal expenses while in the army will amount to about $75 per month. He has about $14,000 in accounts receivable, forty per cent of which is collectible.

Since his divorce and while maintaining $20,000 life insurance for the benefit of respondent, he also maintains $22,000 of life insurance for the benefit of himself and present wife. His total annual premiums on all his insurance amount to $1,275 per year. He desired the court's permission to maintain his insurance program. The court agreed.

The court entered an order modifying the decree which suspended the minimum alimony and support allowance of $225 per month while he is a captain in the U. S. army, and directed appellant to pay $150 per month out of his salary as captain. It further directed him to collect the accounts receivable and apply the net proceeds primarily toward the payment of his insurance premiums.

We quote the appellant's position on this appeal:

"It is respectfully submitted that, upon the evidence introduced, the trial court ought to have awarded appellant relief, and this court should modify the Interlocutory Decree, eliminating and terminating any allowance of alimony for the support of respondent, reducing the allowance payable for the support of the two minor children to an amount of not more than $40.00 per month each, relieving appellant from any obligation to provide in excess of $5,000.00 life insurance for respondent and the minor children; and the order providing for collection and impounding of appellant's accounts receivable from his practice be dissolved."

Granting that by the nature of things all the members of this court might not have arrived at the identical terms

of the order modifying the decree, yet it can be said that we find no abuse of discretion nor any material injustice that requires correction.

The order modifying the interlocutory decree is affirmed.

SIMPSON, C. J., MILLARD, BLAKE, and ROBINSON, JJ., concur.