PETERS *v.* PETERS.

5-3244 381 S. W. 2d 748

Opinion delivered September 14, 1964.

*Kenneth Coffelt,* for appellant.

*Judith Rogers,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a denial of a petition for reduction of alimony payments.

A divorce decree was entered May 1, 1962, by the Pulaski Chancery Court in which appellant Clyde Peters was ordered to pay appellee Mildred Peters the sum of $50.00 per week as permanent alimony (out of which she was to support their daughter), together with all past and future medical and hospital bills of appellee and their minor child as well as all obligations outstanding as of February 12, 1961. Thereafter on August 20, 1963, appellant filed a motion requesting a modification of the decree, alleging changed conditions. Appellee countered with a motion alleging appellant had refused to make support payments and pay doctor bills in accordance with the order of the court, praying that appellant's motion be dismissed, for attorney's fee and that the payments be increased $10.00 per week until all arrearages are paid.

At the conclusion of a lengthy hearing on these motions, the trial court held that appellant's request for

modification should be denied and his motion dismissed, and that the motion of appellee should be sustained. Judgment in the sum of $1,100.00 for arrearages was entered October 2, 1963. From such order and judgment comes this appeal.

At the time of the divorce decree in 1962, appellant was working about 70 hours a week and earning some $250.00 per week. Even so, the family indebtedness which appellant was required by the divorce decree to pay was considerable. Soon after the divorce appellant entered into a financial arrangement with a credit union, depositing his full check, receiving enough personally for a simple existence, the credit union paying out the balance to appellee and various of their creditors. For some time appellant appeared to make a diligent effort under the circumstances to comply with the orders of the court. Then appellant became ill, and during April, May, June and July, 1963, had no earning capacity at all. The illness resulted in his earning capacity being cut approximately in half, at least temporarily. At the time of the hearing on the motions, appellant was unemployed and had been for several weeks, following garnishment proceedings brought by a creditor on a medical debt incurred by his teen-age daughter unbeknownst to appellant.

The record does not reflect that appellee's needs have diminished since the divorce, however it was shown that appllee is gainfully employed, albeit at a meager salary.

The state of the record being thus, we cannot escape the conclusion that the trial court erred in failing to find that such changed conditions exist as to warrant a modification of the divorce decree.

"The chancery court has the unquestioned power . . . to alter the allowance of alimony at any allowed being governed by the circumstances of the particular case." *Boniface* v. *Boniface,* 179 Ark. 738, 17 S. W. 2d 897. Ark. Stat. Ann. § 34-1213 (Repl. 1962).

After a careful review of the record on trial de novo we conclude that the circumstances of this particular case warrant a reduction in the amount of alimony to $25.00 per week during such time as appellant's illness continues to necessitate limited employment. Upon a showing that appellant is able to resume full employment, the Chancellor is directed to order resumption of full compliance with the orders contained in the divorce decree together with $10.00 per month to be applied to the accumulated arrearages.

The motion of appellee's attorney for the release of $100.00 previously deposited with this court for the payment of brief cost and attorney's fee is granted. An additional attorney's fee in the amount of $100.00 for services on this appeal is awarded appellee's attorney.

Modified and affirmed.

Justice McFADDIN would affirm the decree in its entirety.

Justice ROBINSON not participating.