June Verde, *Appellant*, v. Daniel Verde, *Respondent.**

*Lawrence K. McDonell* and *McDonell & Alfieri,* for appellant.

*Cook, Flanagan & Berst, Charles G. Flanagan,* and *Jerry H. Landeen,* for respondent.

Hunter, C. J.—This is an appeal from an order determining the amount of additional alimony due the plaintiff for 1967.

The plaintiff (appellant), June Verde, and the defendant (respondent), Daniel Verde, were divorced on May 27, 1965. The decree of divorce incorporated a detailed property settlement and alimony agreement. The agreement provided that, in the event the defendant's annual income exceeded $12,000, the plaintiff would receive an additional 25 per cent of the excess over $12,000.

In the agreement "annual income of the husband" was defined as:

Any and all cash income reportable for federal income tax purposes in any given calendar year from any and all sources after deduction for ordinary business expenses but before depreciation on any real property and before exemptions and personal deduction; subject, however, to inclusion of items below described in this paragraph.

*Reported in 471 P.2d 84.

On April 10, 1967, the defendant married Patricia L. Verde. Patricia worked in the defendant's nursing homes for the entire year. However, she was not paid separately for her services, as all income of the businesses was put into a general account. In determining their 1967 federal income tax, the defendant and his second wife filed a joint return which included all income of the businesses for the taxable year.

In computing the additional alimony due the plaintiff for 1967 (this is the only year involved here), the defendant contends that the value of the services of the second wife, subsequent to the marriage and included in the 1967 joint return, should not be included in determining whether he made more than $12,000. (The plaintiff is not contesting the defendant's right to deduct the value of the second wife's services performed prior to her marriage to the defendant and included in the 1967 joint return.)

The trial court held that the agreement should not be construed as including any earnings of the defendant's second wife, whether separate or community. It entered judgment allowing the defendant to deduct $1,800 for the 3 months and 10 days that the second wife worked for the defendant before their marriage, and other agreed deductible items hereafter set out. The alimony was computed on the basis of one-half of the community income reported in the amount of $16,173.

The plaintiff appeals.

The plaintiff contends that the trial court erred in computing the alimony on a division of the community income.

The general rule is that a husband may not by a second marriage thereby reduce the amount payable as alimony for his former wife. *State ex rel. Brown v. Brown,* 31 Wash. 397, 72 P. 86, 62 L.R.A. 974 (1903); *Haakenson v. Coldiron,* 190 Wash. 627, 70 P.2d 294 (1937); *Fisch v. Marler,* 1 Wn.2d 698, 97 P.2d 147 (1939); *Dillon v. Dillon,* 34 Wn.2d 12, 207 P.2d 752 (1949).

In *Dillon v. Dillon, supra,* a husband, seeking to reduce the base upon which the first wife was entitled to alimony, filed a separate return in an effort to split his

"professional income" with his second wife. There the court said at page 21:

a divorced husband cannot, by mere remarriage, escape the obligation, imposed upon him by the decree of divorce, to pay alimony and support money for the benefit of his former wife and their children, even though the additional burdens occasioned by his remarriage may seriously affect his ability to comply with the terms of the decree, or may tend to exhaust his earnings.

(Citations omitted.) We adhere to the reasoning of the *Dillon* case. A husband should not by remarriage be able to escape payments lawfully provided for by a divorce decree prior to any modification of the decree. In the instant case the agreement of the parties incorporated in the divorce decree recognized that the parties might remarry. Yet it defined the defendant husband's annual income as: "Any and all cash income reportable for federal income tax purposes . . ." On the basis of the records kept by the defendant husband, all of the income from the nursing homes which he had acquired prior to his remarriage was reportable as his income for the year of 1967. The defendant therefore could not divide this income for the purpose of reducing the base upon which his first wife's alimony was to be computed under the divorce decree.

The defendant contends, however, that the second wife rendered actual services in an administrative capacity in the nursing homes and that the value of those services should have been deducted. With this contention we agree. It is implicit from the agreement itself that the parties were concerned only with determining the husband's annual income. The agreement did not contemplate that the second wife's income should be included in determining that of the husband. The reasonable value of the second wife's administrative services should have been deducted for the period of her marriage to the defendant in 1967.

The trial court's allowance of $1,800 as the reasonable value of the second wife's services rendered prior to April 10th (3 months and 10 days) has not been challenged. The evidence is undisputed that the reasonable value of her

services prior to marriage was $600 per month, and the record shows that the nature of her employment was the same both before and after her marriage in 1967. On the basis of $600 per month, the reasonable value of the second wife's services for the 8-2/3 months (April 10th to December 31st), subsequent to her marriage, would be $5,200. This should have been allowed as a deduction from the husband's income, rather than one-half of the asserted community income subsequent to the marriage in the amount of $16,173 allowed by the trial court.

The plaintiff has conceded the accuracy of adjustments one through four contained in the defendant's exhibit A. These adjustments, totaling $7,662, are as follows: (1) $2,352 for real estate commissions already awarded the defendant by the divorce decree; (2) $2,516 for interest on business loans erroneously listed as a personal deduction; (3) $994 for depreciation not allowed as an expense by the divorce decree but included in computing capital gain for the 1967 return; and (4) $1,800 for the second wife's services before marriage.

The true basis for determining the net additional alimony should be computed as follows: $40,827 (the defendant's income over $12,000) (defendant's exhibit A), less $7,662 (adjustments one through four), less $5,200 (reasonable value of second wife's income during marriage in 1967), resulting in the amount of $27,965, of which 25 per cent is the net additional alimony. We hold the correct net additional alimony for 1967 to be $6,991.25 instead of $4,248 as awarded by the trial court.

The judgment of the trial court is accordingly reversed and is modified consistent with this opinion.

FINLEY, HAMILTON, and STAFFORD, JJ., and HILL, J. Pro Tem., concur.

September 9, 1970. Petition for rehearing denied.