Louis Leroy WARD, Respondent,

v.

Mary V. WARD, Appellant.

No. KCD 27587.

Missouri Court of Appeals, Kansas City District.

March 1, 1976.

Kenneth H. Taylor, Arthur B. Taylor, Independence, for appellant.

A. J. Falcone, Martin M. Gorin, Kansas City, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

This is a domestic relations action in which the trial court modified the original decree of divorce so that Louis Ward would pay only $30 per week in alimony instead of $50 per week. Mary Ward appeals, urging as her sole point that there was insufficient evidence to sustain that reduction.

The parties were previously husband and wife. On December 18, 1973, Mary was granted a divorce and awarded custody of the two minor children of the marriage, $30 per week child support and $50 per week alimony. On July 26, 1974, Louis filed the present motion to modify the divorce decree, on the grounds of a decrease in net pay which he alleged caused him great hardship to the point where he could no longer support himself.

A judgment for alimony is res judicata as to facts and conditions existing at the time of the award and bearing thereon. *Shilkett v. Shilkett*, 285 S.W.2d 67 (Mo.App. 1955). Accordingly, proof of a subsequent change of conditions is a condition prece-

dent to authority for modification, and the burden of showing such change rests upon the movant. *Clisham v. Clisham*, 485 S.W.2d 660 (Mo.App.1972); *Shilkett*, supra, at 68. Section 452.370(1), RSMo Supp.1975, provides that the movant will be allowed modification " . . . only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Thus, the key question here for decision is whether Louis has proved a sufficient change of circumstances in the seven-month period following the divorce to support the order of modification.

The record shows that Louis did experience some reduction in income in the year 1974. In 1973, the year of the divorce, Louis averaged according to his testimony a six day work week with a net pay of $228.00. In early 1974, his employer was on strike for a period of six weeks during which he received no pay. Upon settlement of the strike, Louis received a pay increase of 41¢ an hour. However, another part of the strike settlement eliminated double time payment for work on Sundays, and therefore Louis' net weekly pay in 1974 for a five day week was $163.00, and for a six day week, $210.00. The record is silent as to whether Louis worked a five or six day week up to the time of the trial in 1974. He testified that his employer was working a six day week, but he also testified that he had certain physical problems, to-wit: a kidney infection and a "mouth full of rotten teeth," because of which he could not "continue to work six or seven days a week at this job." With respect to the dental problem, Louis admitted that, "I was told several years ago to get them out," which demonstrates that this physical difficulty existed at the time of the divorce and for a considerable period prior thereto. Louis also testified that there has been a garnishment on his pay check since July 18, 1974.

Although not a ground for modification alleged in his motion, Louis attempts on this appeal to rely in part on a contention that Mary is now able to work part-time but is not doing so. Aside from being out-side the scope of his motion, this ground has not been developed by evidence of any change of condition since the divorce. The evidence shows that Mary has been trying to find part-time work which would be within her physical limitations, but has not been successful in that endeavor.

The facts summarized above fail to show a change of circumstances so substantial as to require modification of the original decree; or if so, what the extent of the modification should be. The record leaves to sheer speculation whether Louis is currently earning $163 or $210 weekly. If the latter, his reduction in pay is less than 8%; whereas the reduction ordered in his payments to his divorced wife and children came to 18%. Moreover, even if Louis at the time of the hearing was actually working only a five day week, there is no evidence to the effect that this change was anything more than temporary or that he could not resume a six day week after medical and dental treatment. Still further, so far as concerns loss of six weeks earnings during the strike, the record fails to disclose the amount of strike benefits or savings, if any, which Louis may have had available to offset that temporary emergency.

A more ample exploration of the facts may show that Louis indeed has need for some financial relief, based on his loss of earnings during the strike, the cost of medical and dental care which has become necessary since the date of the divorce, and loss of income attributable to those physical conditions. However, no judicial determination of that need can properly be made without evidence of Louis' actual economic loss during the strike, how much the doctor and dentist charges will be, and the length of the expected period of partial disability. Furthermore, unless medical testimony is offered to show permanent loss of earning power, the judicial relief to be granted would more properly be only a temporary, not a permanent, reduction in alimony. 24 Am.Jur.2d, Divorce and Separation, § 677,

p. 796; 18 A.L.R.2d 10, l.c. 48. A number of cases in other jurisdictions have deemed a temporary reduction the more appropriate remedy in the situation of temporary physical disability: *Peters v. Peters*, 238 Ark. 361, 381 S.W.2d 748 (1964); *Slagle v. Slagle*, 205 La. 691, 17 So.2d 923 (1944); *Warner v. Warner*, 145 Or. 541, 28 P.2d 625 (1934); *Davis v. Davis*, 78 App.Div. 500, 79 N.Y.S. 621 (1903). Analogously, other cases have allowed a temporary reduction in alimony where the ex-husband's income has been adversely affected either by strikes, or by a change in business or occupation. *Kelly v. Kelly*, 194 Mich. 94, 160 N.W. 397 (1916) (husband began a new business); *Dillon v. Dillon*, 21 Wash.2d 311, 150 P.2d 594 (1944) (husband in Army during World War II); *Agrue v. Agrue*, 233 Or. 456, 378 P.2d 965 (1963) (husband moving dental practice to another state); *Lockwood v. Lockwood*, 175 So.2d 313 (La.App.1965) (husband unemployed).

Reversed and remanded.

All concur.