[No. 9223-5-I.   Division One.   September 27, 1982.]

*In the Matter of the Marriage of* David L. Peters, *Appellant, and* Evelyn I. Peters, *Respondent.*

---

*Robert C. Mussehl* and *Mussehl, Rosenberg & Grieff,* for appellant.

*Lowell K. Halverson* and *Halverson & Strong,* for respondent.

DURHAM, A.C.J.—Petitioner David L. Peters appeals the child support provisions of a decree of dissolution.

David and Evelyn Peters were married in 1971. David was a doctor of osteopathy in private practice. At the time of dissolution, Evelyn was not employed. She had a master's degree in education and 10 years of teaching experience.

Evelyn was awarded custody of the couple's two children, aged 9 and 11. David was ordered to pay child support in the amount of $600 per month per child. The court ordered the amount of child support to be adjusted annually, using 1980 as a base year, by the lesser of 10 percent or the per-

centage change in the Consumer Price Index (CPI) for all urban consumers in the Seattle–Everett metropolitan area. If the children chose to go to college, the support was to continue for a maximum of 4 years.

David assigns error to two aspects of the child support award: The trial court's use of an automatic escalation clause, and the amount of the support.[1]

We turn first to David's challenge to the trial court's formulation of the child support escalation clause. He argues that the failure to tie the increase in child support to increases in his income means that child support will be automatically increased without regard to his ability to pay and is, thus, manifestly inequitable. Although he contends that the escalation clause at issue here is particularly unfair, David also questions the validity of escalation clauses in general.

RCW 26.09.100 allows child support after considering all relevant factors and in an amount reasonable or necessary for the child's support.[2] RCW 26.09.170 provides for modification of the child support award upon a showing of a substantial change of circumstances.[3] In *In re Marriage of Mahalingam*, 21 Wn. App. 228, 584 P.2d 971 (1978), Division Three of the Court of Appeals affirmed the trial court's formulation of a child support escalation clause in which

---

[1]David also contends that the trial court abused its discretion by not ordering post–majority support payments, which are to be used for education, to be paid directly to the children. There is no indication that Evelyn will withhold the money from the children. If she does so, David can at that time seek to modify the decree.

[2]RCW 26.09.100 reads in pertinent part:

"In a proceeding for dissolution of marriage, . . . considering all relevant factors but without regard to marital misconduct, the court may order either or both parents owing a duty of support to any child of the marriage dependent upon either or both spouses to pay an amount reasonable or necessary for his support."

[3]RCW 26.09.170 reads in pertinent part: "[T]he provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of a substantial change of circumstances."

the father was required to pay $200 per month child support, plus 20 percent of any net increase in salary, plus 10 percent of net income from any other source. The father argued that the escalation clause exclusively and impermissibly focused on his circumstances and ignored the needs of the child and the ability of the mother to pay support. The Court of Appeals found no abuse of discretion when the trial court, after considering the needs of the child and the sources of income foreseeably available to the parents, concluded that an open–ended escalation clause would serve the interests of the child. The court also held that a reasonable escalation clause did not violate either RCW 26.09-.100 or RCW 26.09.170.

However, we arrive at the opposite conclusion and hold that an automatic escalation clause clearly violates RCW 26.09.170 by allowing modification of support without the requisite showing of substantial change of circumstances. We can articulate our reasoning no better than did Judge Roe in his dissent in *Mahalingam*:

> Here the majority approves imposition of an automatic increase, unlimited in time, at a fixed percentage of the father's prospectively increased income, regardless of the child's needs, the mother's income, the father's possible subsequent remarriage and family or financial misfortune. In effect, the decree does not take into account his actual ability to pay. This seems to me to run counter to the statute. RCW 26.09.100 provides for apportionment of child support, and each parent should only pay an amount which is "reasonable or necessary." RCW 26.09-.170 contemplates modification only as to installments accruing after a motion therefor, and "only upon a *showing* of substantial change of circumstances." (Italics mine.) The decree effectively assumes that the father's circumstances will substantially and favorably change in the future. It is no answer to say that the father can, when his income rises, come to court and show that his overall ability to pay has not improved. The burden here has been cast upon the wrong person.

*Mahalingam,* at 237.[4]

We also note that the majority in *Mahalingam* based its conclusion on the premise of continued rampant inflation. In fact, economic inflation has abated considerably since that opinion was written in 1978. In any event, we do not believe that support provisions should be based upon economic forecasting, which is, at best, an inexact science.

Even if we were to agree with the *Mahalingam* majority that escalation clauses were valid, the clause at issue here would fail. In *Mahalingam,* the automatic increases in child support were tied to increases in the father's income. Here, the trial court did not relate the increases in child support to David's income in any way, and we find this defect fatal.

David next contends that the trial court abused its discretion by ordering him to pay $600 per child per month in child support. First, David argues that $1,200 per month is unduly burdensome, especially when considered in light of the community property settlement obligation: an immediate payment of $10,000 and $23,250 to be paid at the rate of $750 per month. Second, David contends that the trial court did not adequately address Evelyn's ability to assist in supporting the children.

██ The amount of child support to be awarded is subject to the trial court's discretion. *In re Marriage of Campbell,* 22 Wn. App. 560, 566, 589 P.2d 1244 (1978). Nonetheless, child support must bear a reasonable relationship to the future welfare of the children and the economic circumstances of the parents, including the cost of care, maintenance, and education of the children, the resources, earning capacity and economic prospects of the

---

[4]In a footnote, the majority in *In re Marriage of Mahalingam,* 21 Wn. App. 228, 234 n.5, 584 P.2d 971 (1978) states:

On three occasions our Supreme Court has approved escalation clauses agreed upon by the parties. *Jensen v. Jensen,* 54 Wn.2d 473, 341 P.2d 882 (1959); *Dillon v. Dillon,* 21 Wn.2d 311, 150 P.2d 594 (1944); *Verde v. Verde,* 78 Wn.2d 206, 471 P.2d 84 (1970).

For the reasons stated in Judge Roe's dissent, we believe these cases are inapposite.

parents, the age and health of the parties, and their standard of living prior to the divorce. *Baker v. Baker,* 80 Wn.2d 736, 742–43, 498 P.2d 315 (1972); *In re Marriage of Harshman,* 18 Wn. App. 116, 128–29, 567 P.2d 667 (1977).

An award of child support must also be predicated upon the needs of the child and the contribution the mother is able to make, as well as the ability of the father to pay. *Garrett v. Garrett,* 67 Wn.2d 646, 648, 409 P.2d 470 (1965). Both the mother and the father of minor children are responsible for the support of the children. *Hughes v. Hughes,* 11 Wn. App. 454, 456, 524 P.2d 472 (1974).

While the award of $600 per child per month may seem generous, we cannot say that, based on the evidence before it, the trial court abused its discretion in making such a large award. However, the trial court's conclusion that David could contribute that amount and its failure to consider Evelyn's potential contribution raise more serious questions.

The trial court entered a finding as to David's gross business income net of business expenses for the 3 years preceding the dissolution proceedings. This finding is of little assistance in determining David's actual ability to meet a monthly child support payment of $1,200. In his pretrial affidavit, David stated his gross monthly salary as $4,635, a figure which comports with a gross income of $55,037. David listed his net take–home pay as $1,906 after deductions for federal estimated income tax, F.I.C.A., and payments on business loans. If we assume that David's take–home pay is $1,906, it is a burden, to say the least, for him to meet a $1,200 child support payment in addition to a $750 property settlement payment each month. However, we note that David testified that since the separation, he had paid Evelyn from $1,600 to $2,000 per month in support money. It is thus possible that a child support payment of $1,200 would not be unduly burdensome. In any event, there is an inadequate basis in the record upon which to justify the award, and we remand for additional findings.

As mentioned above, both parents are responsible for the support of the children. *Hughes v. Hughes, supra.* In awarding child support, the trial court must consider the contribution that the mother is able to make. *Garrett v. Garrett, supra.* The only finding relevant to Evelyn's ability to contribute to the support of the children is the following:

The respondent is not currently employed. She has received a Bachelor's Degree and Master's Degree in Education and has had ten years of teaching experience in high school and college in the field of home economics. The respondent has not worked during the marriage except for part–time piano teaching during the past year.

Finding of fact 12. With her qualifications, it appears likely that Evelyn will be able to contribute to the support of the children well before they reach the age of majority. Ted Gartner, formerly Director of Personnel of the Federal Way School District, testified that with 10 years' experience and a master's degree, Evelyn could earn between $16,000 and $20,000 a year. Indeed, Evelyn's pretrial affidavit and her testimony at trial indicate that she intends to be employed full time. It seems highly probable that Evelyn will be able to fulfill her share of the obligation of supporting the children. Thus, we find that the trial court's order placing the entire burden of child support upon David without further consideration of Evelyn's potential contribution is not supported by the evidence or findings.

The case is remanded for recalculation of the child support provisions without the escalation clause. The trial court should also take additional evidence as needed, and enter findings regarding David's ability to pay support and Evelyn's ability to contribute thereto. Each party shall bear his or her own costs and attorney's fees on appeal.

SWANSON and RINGOLD, JJ., concur.