[No. 49161–5.   En Banc.   June 23, 1983.]

*In the Matter of the Marriage of* ROBERT K. EDWARDS, *Appellant, and* PAMELA K. EDWARDS, *Respondent.*

*William T. Lawrie* (of *Ordell, Lawrie & Brown*), for appellant.

*Peter D. Preston,* for respondent.

*Jenifer Schramm, Andrew Walkover,* and *J. Porter Kelley,* amici curiae.

ROSELLINI, J.—This case comes to us on certification from the Court of Appeals, Division One. The court certified the following issue:

> May a child support award validly include a clause which automatically adjusts the amount payable to equal a specified percentage of the obligor parent's income?

We answer this question in the affirmative with the limitations described below.

The facts giving rise to this dispute are as follows: Robert and Pamela Edwards were married March 21, 1970. The couple separated in 1980 and a decree of dissolution was entered on July 31, 1981. The couple have three minor children. According to the terms of the decree, Pamela was awarded custody of the children while Robert retains liberal visitation rights.

Prior to the marriage, Pamela was employed in a clerical position at a local bank. Since the birth of the Edwards' first child, Pamela has remained home to care for the couple's children. Robert Edwards is a fully employed construction supervisor. At the time of trial, his gross salary, not including bonus, was $35,600. In the same year, he received a bonus of $8,000.

This appeal arises from the child support and maintenance schedule ordered by Judge Winsor. That order requires that Robert pay $1,450 per month for the years of 1981, 1982 and 1983 in undifferentiated maintenance and support. An additional amount of 20 percent of any bonus Robert receives or 20 percent of any increase in salary must also be paid. Robert's maintenance payments cease at the end of 1983. Commencing in 1984, his payments are 32 percent of his net income. This amount represents support for his three children. The order reduces the percentage Robert is required to pay as each child reaches majority.

On appeal, Robert Edwards challenged the authority of the trial judge to fashion a support order based on a percentage of his income.[1]

We hold that percentage awards are valid so long as the judge properly considers the statutory criteria. In addition, the trial judge must set a maximum dollar amount, relating to the children's need, above which the support award cannot rise.

To answer the certified question, we turn first to the statutes governing child support orders.

RCW 26.09.100 contains the statutory authority for child support awards. That statute states:

> In a proceeding for dissolution of marriage, legal separation, declaration of invalidity, maintenance, or child support, after considering all relevant factors but without regard to marital misconduct, the court may order either or both parents owing a duty of support to any child of the marriage dependent upon either or both spouses to pay an amount reasonable or necessary for his support.

In interpreting the "all relevant factors" language of this statute, this court has indicated that trial judges may consider

> the child's needs, prospects, desires, aptitudes, abilities, and disabilities, and the parents' level of education, standard of living, and current and future resources. Also to be considered is the amount and type of support (*i.e.,* the advantages, educational and otherwise) that the child would have been afforded if his parents had stayed together. *See Puckett v. Puckett,* 76 Wn.2d 703, 458 P.2d 556 (1969).

*Childers v. Childers,* 89 Wn.2d 592, 598, 575 P.2d 201 (1978). After considering all relevant factors, the trial judge traditionally awarded a fixed dollar amount for child sup-

---

[1]It must be noted that appellant's brief does not comply with the Rules of Appellate Procedure. Appellant challenges findings of fact 11, 12 and 13, and conclusion of law 4. The text of these provisions is not set out in his brief as required by Rule of Appellate Procedure 10.4(c). Failure to comply with the requirements of the RAPs may result in the brief being stricken. RAP 10.7. Because of the importance of this case, we reach the merits. Counsel are warned, however, that compliance with the RAP is required both in this court and the Court of Appeals.

port. *See* Comment, *Escalation Clauses in Washington Child Support Awards,* 55 Wash. L. Rev. 405 (1980). Future increases were then dependent on the outcome of modification proceedings.

Recently, however, the traditional fixed child support award has drawn much criticism. *See, e.g.,* Comment, 55 Wash. L. Rev. 405; Weitzman, *The Economics of Divorce: Social and Economic Consequences of Property, Alimony and Child Support Awards,* 28 U.C.L.A. L. Rev. 1181, 1259 (1981); J. Cassetty, *Child Support and Public Policy* (1978).

One commentator summarized the problem inflation posed for such awards:

> Once decreed, however, child support awards rapidly become obsolete in the face of inflation. As a result, the custodial parent must either repeatedly return to court to modify the decree, which results in additional attorneys fees, court congestion, and emotional trauma, or face the prospect of increasingly inadequate support.

(Footnotes omitted.) Comment, at 405.

Apart from inflation, the financial needs of children increase as they grow. *See* Comment, at 415–16. Thus, fixed awards force judges into the near impossible task of fashioning an award that meets not only the children's present needs but all their foreseeable financial requirements as well. *See In re Marriage of Mahalingam,* 21 Wn. App. 228, 584 P.2d 971 (1978).

The trial judge's task is complicated by a third factor. A noncustodial parent's ability to pay child support awards which adequately compensate for inflation and/or the growing child's needs is often well beyond the parent's present ability to pay. Thus, the traditional approach creates a tension between an award low enough to be within the noncustodial parent's present means and the future needs of the child. The escalation clause represents a judicial compromise which allows full consideration of both the ability to pay and the child's future needs. The courts, however, have split as to the validity of these provisions.

*See* Annot., *Validity and Enforceability of Escalation Clause in Divorce Decree Relating to Alimony and Child Support,* 19 A.L.R.4th 830, 832–33 (1983).

In Washington, the issue was first addressed in *In re Marriage of Mahalingam, supra.* The challenged clause in *Mahalingam* provided that the husband pay $200 per month support plus 20 percent of net increases in salary plus 10 percent of net income received from other sources. The husband argued that the open–ended escalation award exclusively and impermissibly focused on the circumstances of the paying parent, while ignoring the complex factors relating to the needs of the child and the ability of the mother to pay support. Division Three, in a split opinion, upheld the validity of the award. The majority reasoned that the award reflected the parties' relative ability to pay, that the father would in all likelihood be receiving cost–of–living increases, and that the "open–ended escalation clause would reasonably assure the child of his present as well as his foreseeable economic well–being." *Mahalingam,* at 235. The court also observed that should his circumstances change, the husband could seek modification of the award. Judge Roe dissented, arguing that the statute placed the burden of showing changed circumstances and therefore the appropriateness of modifying the award upon the party receiving the support payments.

The second case in this area dealt with a different form of escalation. Division One, in the case of *In re Marriage of Peters,* 33 Wn. App. 48, 651 P.2d 262 (1982), agreed with Judge Roe. The court struck down a child support order which was tied to the Consumer Price Index. The court essentially adopted Judge Roe's reasoning, noting that inflation had significantly abated since the decision in *Mahalingam* and that support provisions should not be based on "economic forecasting, which is, at best, an inexact science." *Peters,* at 52.

The *Peters* court recognized a clear evil of escalation clauses which are tied solely to the Consumer Price Index—that is, that a rise in prices may not necessarily result in a

correlative increase in the noncustodial parent's wages or general ability to pay. The *Peters* court, focusing on this distinction, observed:

> Even if we were to agree with the *Mahalingam* majority that escalation clauses were valid, the clause at issue here would fail. In *Mahalingam,* the automatic increases in child support were tied to increases in the father's income. Here, the trial court did not relate the increases in child support to David's income in any way, and we find this defect fatal.

*Peters,* at 52. We agree on this point. For the reasons outlined below, however, we do not agree with Division One's characterization of *Mahalingam* or the language in the opinion which suggests that all escalation clauses are invalid.[2] We hold that escalation clauses which are related to the noncustodial parent's ability to pay and the child's needs are valid.

First, as pointed out by amici curiae, escalation clauses are necessary to insure judicial flexibility in fashioning child support orders. Although the rate of inflation may fluctuate, the fact of inflation itself will hardly disappear. Fixed dollar amounts simply cannot deal with that problem, in that an award adequate to compensate for the effects of inflation may frequently be beyond the spouse's present ability to pay.

Next, as many commentators have observed, modification proceedings are costly, traumatic, and wasteful of scarce judicial resources. A prohibition on such clauses would simply snarl the court systems, as spouses return every few years to attempt modification of the decrees.

Third, an escalation clause, such as the one presented here, simply reflects the trial judge's findings that a certain percentage of the noncustodial parent's income is a reasonable and necessary amount of child support. As long as the statutory criteria are considered, such awards are valid.

It is true, however, that an open–ended percentage of

---

[2]Thus, to the extent that *Peters* is inconsistent with our opinion here, it is hereby overruled.

income support award may not necessarily relate to the child's support needs. Thus, a limitation on the concept is needed. In fashioning such awards, the trial judge should determine a maximum amount of child support that would be reasonable and needed in the future and set that amount as a ceiling above which the support payments cannot rise. In setting the maximum, the trial judge should consider all the relevant factors suggested in *Childers v. Childers*, 89 Wn.2d 592, 575 P.2d 201 (1978), as well as changes in the custodial parent's ability to pay. We believe this ceiling should be liberally construed so that children of the marriage benefit equally from the prosperity of both parents. As we noted in *Childers*, at 604,

> [t]he irremediable disadvantages to children whose parents have divorced are great enough. To minimize them, when possible, is certainly a legitimate governmental interest.

Finally, an increase in income almost inevitably reflects an increased ability to pay. When support payments are fixed as a percentage of income, the noncustodial parent's income for other purposes is assured. Only a change in the percentage required for some other financial purpose changes the noncustodial parent's ability to pay. Since inflation generally increases each budget item more or less equally, the ability to pay should usually be diminished only if some unforeseeable event, *e.g.*, sickness occurs. In that case, modification of the award can easily be attained.[3]

We note that the balance struck today by our interpretation of this statute may require that trial judges be more sympathetic to pleas of substantial change of positions in granting modification requests. The escalation clause we approve today works fairly only if the assumptions upon which it is based—increased ability to pay and increased needs of the children—are true. If the noncustodial parent

---

[3]Implicit in our holding today is our rejection of Judge Roe's analysis concerning statutory allocation of the burden of proof in modification proceedings. The statute provides only that one seeking modification must prove substantial change in circumstances. Escalation clauses do not violate that principle.

can later refute these assumptions or if the custodial parent's ability to pay has substantially increased, modification should be granted.

Appellant argued that this award is an attempt to divest him of separate property. Appellant's reliance on *Sutherland v. Sutherland,* 77 Wn.2d 6, 459 P.2d 397 (1969) for this proposition is misplaced. In *Sutherland,* the trial judge attempted to convey the father's interest in an inheritance to the children. This award was in addition to the child support order. This case is distinguishable from the situation here, where the percentage of income which the father is required to pay *is* the child support award.

Finally, respondent has requested that this court award attorney fees pursuant to RCW 26.09.140. We find such an award is appropriate. The trial court should determine a reasonable award pursuant to this section, taking into account the parties' relative ability to pay.

This case is remanded to the trial court for action consistent with this opinion.

WILLIAMS, C.J., and STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.