[No. 14238-1-I.   Division One.   April 14, 1986.]

*In the Matter of the Marriage of* JERI L. OLIVER, *Appellant, and* KENNETH G. OLIVER, *Respondent.*

*Davis & Snyder* and *Craig G. Davis,* for appellant.

*Brennan & Clark* and *Denise B. Brennan,* for respondent.

GROSSE, J.—Mrs. Oliver appeals from an order partially denying her petition for modification and enforcement of a property settlement agreement. We affirm in part and reverse in part.

Mr. and Mrs. Oliver executed a property settlement agreement on July 22, 1977, which was incorporated into a decree of dissolution entered on August 10, 1977. Three elements of the property settlement agreement are at issue here: support, third party obligations, and attorney's fees.

## SUPPORT

The agreement provided for support for the two minor children of the marriage in the amount of $165 per child per month until they attained the age of 18. Both children will attain the age of 18 prior to finishing high school. The support clause included a proviso allowing an automatic yearly increase in accordance with the consumer price index (CPI). This increase was not tied directly to Mr. Oliver's income nor did it contain any ceiling on the amount of support Mr. Oliver would be required to pay. At the time of the dissolution Mr. Oliver's gross income was $22,000. Mr. Oliver never increased the support payments in accordance with the escalation clause. In fact, Mr. Oliver decreased his support payments by $165 for a 10–month period during which one of the children resided with him.

Mrs. Oliver brought this action to collect on the back support due. The trial court denied judgment for past accumulated increases in child support on the grounds that Mrs. Oliver never requested such increase from Mr. Oliver until a letter from her attorney in 1982. The trial court held that this lack of notice was a denial of due process to Mr. Oliver.

*In re Marriage of Edwards,* 99 Wn.2d 913, 665 P.2d 883 (1983) was decided after entry of the decree in this matter. That case renders unenforceable escalation clauses in divorce decrees unless those clauses are tied to the net earnings of the noncustodial spouse and include a ceiling on the total amount of child support. The escalation clause at issue in the instant matter did neither. It provided for an automatic yearly increase in accordance with the CPI. This is precisely the type of escalation clause invalidated in *In re Marriage of Peters,* 33 Wn. App. 48, 651 P.2d 262 (1982). Thus, while the judge refused enforcement in this case for different reasons his actions must be sustained on appeal as a result of *Peters* and *Edwards.* For the same reasons, it was error for the trial court to require as it did an escalation clause from the date of the modification hearing. Any automatic increases must be tied to Mr. Oliver's earnings

and contain a ceiling.

■ With respect to the refusal of the trial court to enforce the support obligation during the 10–month period that one of the children resided with Mr. Oliver, we are compelled to reverse. The trial judge's action amounts to retroactive modification of the support obligation. Such an action can only be sustained under circumstances giving right to an equitable credit to the obligor spouse. *Schafer v. Schafer*, 95 Wn.2d 78, 621 P.2d 721 (1980); *Martin v. Martin*, 59 Wn.2d 468, 368 P.2d 170 (1962). The right to an equitable credit requires proof of special circumstances. The burden is on the obligated spouse to establish such circumstances. *Schafer*, at 82. The mere fact that one of the children resided with Mr. Oliver for a 10–month period does not, in and of itself, establish the equitable circumstances necessary to give rise to an automatic right to an equitable credit. *Schafer*, at 81–82. *Accord, Hartman v. Smith*, 100 Wn.2d 766, 674 P.2d 176 (1984). Even if such circumstances are established, the court must also find such credit will not be an injustice to the spouse to whom payments are due. *Hartman v. Smith, supra.* No such finding was made in the instant case. The record in this case is insufficient to sustain the trial court's action. Mrs. Oliver is entitled to enforce those judgments for support payments.

### THIRD PARTY OBLIGATIONS

The property settlement agreement provided that Mr. Oliver was responsible for all of the family obligations incurred by the parties through December 10, 1976. Under that agreement the trial court found that Mr. Oliver was responsible for debts to Sears, Rainier Bank, and Hinotes (a furniture store). The court further found that Mrs. Oliver had made the payments on those accounts without contacting Mr. Oliver. Mrs. Oliver refinanced and reexecuted a note to Hinotes to enable her to keep the furniture. This action added substantial interest payments to the original debt. Mrs. Oliver sought to recover the moneys expended by her in paying on these debts. The trial court gave Mrs.

Oliver a judgment for the original amount of the debts as of December 10, 1976, with no prejudgment interest. Additionally, the court denied Mrs. Oliver the additional interest that she incurred in reexecuting the note to Hinotes on the ground that this renegotiation was completed and signed after the property settlement agreement.

■ Mrs. Oliver is entitled to prejudgment interest. The general rule in Washington is that prejudgment interest is permitted when an amount claimed is liquidated. *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32, 442 P.2d 621 (1968), and cases cited therein. The *Prier* case uses the definition of liquidated as defined by Professor McCormick, "as one where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion." *Prier*, at 32 (citing C. McCormick, *Damages* § 54 (1935)). In the case at bar, the amount in question can be computed with exactness. The mere fact that the debt was disputed makes no difference. As Professor McCormick states:

> It would seem that the existence of a dispute over the whole or part of the claim should not change the character of the claim from one for a liquidated, to one for an unliquidated, sum, and this conclusion finds support in the cases.

C. McCormick, *Damages* § 54, at 215 (1935). It was therefore error for the trial court not to award prejudgment interest on the amount of the debts paid by Mrs. Oliver.

Such prejudgment interest should attach at the time the payments were made on the Rainier Bank loan and the Sears account. With regard to Hinotes, prejudgment interest should attach at the time of the renegotiation of the loan. Mrs. Oliver is not entitled to the additional expenses incurred in that renegotiation since those expenses are a direct consequence of her credit standing, not of the breach of the agreement by Mr. Oliver.

## ATTORNEY'S FEES

Under a clause entitled "Waiver of Statute of Limita-

tions—Attorney's Fees in Event of Suit" the property settlement agreement provided as follows:

> Each party hereto hereby waives any and all statutes of limitations to the extent lawful, in which to bring any action to enforce any terms or provisions hereof. If either party hereto brings any court action to enforce any term or provision hereof, and *is successful in whole or in part,* the other party agrees to pay reasonable attorney's fees and all costs of the party bringing any such action.

(Italics ours.) In the instant matter Mrs. Oliver was successful in recovering the money owed to Hinotes, Sears, and Rainier Bank. She was also successful in obligating Mr. Oliver to name the children as beneficiaries of his life insurance as required in the property settlement agreement. Partial success can be found with regard to the continuation of support until the children finished high school. The judge refused to allow any attorney's fees since both parties had prevailed.

Under the contractual provisions of the agreement, Mrs. Oliver was entitled to attorney's fees.[1] Mrs. Oliver is also entitled to attorney's fees on appeal. The amount of such fees is to be as awarded by the trial court on remand.

## MODIFICATION

Mrs. Oliver requested a modification of the decree to extend the support obligation until the age of 22 in the event the children seek higher education.

The trial court made a finding of fact that there was no change in circumstances shown. Mrs. Oliver does not set forth the finding of fact nor does she assign error to that finding of fact and to that extent the Court of Appeals is bound by it. *Thomas v. French,* 99 Wn.2d 95, 659 P.2d 1097 (1983). The law is clear that a decree of dissolution

---

[1] It should be noted that the property settlement agreement and decree of dissolution were entered into prior to September 21, 1977, the effective date of RCW 4.84.330, thus making the application of that statute inapposite. *See Herzog Aluminum, Inc. v. General Am. Window Corp.,* 39 Wn. App. 188, 692 P.2d 867 (1984), wherein it is made clear that the Legislature intended the requirement of reciprocity of attorney's fees to apply prospectively.

will not be modified absent a substantial change in circumstances.

It should be noted, however, that the court did modify the decree to extend support until the children finished high school. Under its own finding of fact it was probably error for the court to do this. However, the record substantiates the fact that Mr. Oliver stipulated to a continuation of support until the children finished high school.

At such time as it appears that either or both of the children were going to attend college or seek additional postsecondary education Mrs. Oliver can move for a modification of the decree.

We remand to the trial court for further proceedings in accord with this opinion.

RINGOLD, A.C.J., and COLEMAN, J., concur.