[No. 22559-6-I. Division One. August 7, 1989.]

*In the Matter of the Marriage of* ADELE I. SANBORN, *Appellant, and* THOMAS L. SANBORN, *Respondent.*

*M. Gerald Herman,* for appellant.

*Arthur P. Kearney,* for respondent.

WINSOR, J.—Adele Sanborn brought an action to recover past–due maintenance from her former husband, Thomas Sanborn. The trial court granted Adele a judgment for half of the past–due maintenance, did not allow interest, and awarded only part of her attorney fees. We reverse and remand.

The 1984 decree dissolving Adele's and Thomas' marriage granted Adele maintenance that will terminate upon Thomas' retirement. The decree provided that when she became eligible, Adele's maintenance would be reduced by the amounts she actually received from the Social Security Administration (SSA).

When Adele turned 65 on November 17, 1985, she applied for social security benefits, but because she decided to continue her employment she only received benefits 2 to

4 months a year. As required by the decree, Adele sent Thomas a copy of the SSA printouts which forecasted the amount of her reduced benefits and the dates upon which she could expect the payments. Adele's actual benefits differed from this forecast. Nevertheless, she did not advise Thomas each and every month as to whether she received a payment. Thomas, meanwhile, reduced all monthly payments by the theoretical amount of social security Adele would have been entitled to if she were unemployed.

On October 29, 1987, Thomas petitioned to modify the decree, seeking a reduction in maintenance. In response, Adele resisted and petitioned for judgment for the unpaid maintenance, plus interest. Adele also sought attorney fees.

At the hearing on April 1, 1988, Adele testified that she did not seek earlier enforcement of the mounting arrearage because she did not want to be "hassled" by Thomas. There had been two prior postdissolution proceedings. She had also become frustrated by the confusion created by the SSA. Adele admitted that Thomas was probably confused by the SSA printouts she gave him.

The court granted Thomas a slight reduction in future maintenance because Adele was earning more than initially contemplated. The court found that Thomas owed $6,105.60 in maintenance arrearages, but it found that Thomas

> did not make the full amount of the spousal support payments . . . due to confusion caused by petitioner's failure to communicate when she did and when she did not receive such payments, and therefore it is inequitable [to] grant petitioner a judgment for the full amount of the difference between what he paid and what technically he owes petitioner.

The court entered judgment for Adele for 50 percent of the difference between what Thomas paid her and what he "technically owed". The court did not award interest on the unpaid maintenance.

Adele's lawyer submitted an affidavit indicating that Adele had incurred attorney fees of $2,232.69. The court concluded that Thomas could well afford to pay and Adele

needed to have her attorney fees paid, but it awarded Adele only $500.

Adele appeals, contending that she is entitled to: (1) all of the past–due maintenance; (2) interest on the unpaid maintenance; and (3) all of her attorney fees. Thomas cross–appeals, contending that: (1) Adele's claim for the past–due maintenance is completely barred by laches and equitable estoppel;[1] and (2) Adele's claim for attorney fees should have been denied because she is financially able to pay her own fees.

█ Delinquent maintenance and child support payments become vested judgments as they fall due. *Valley v. Selfridge,* 30 Wn. App. 908, 913 n.2, 639 P.2d 225 (1982). Accrued installments are not subject to retroactive modification. RCW 26.09.170(1); *McGrath v. Davis,* 39 Wn.2d 487, 489, 236 P.2d 765 (1951); *In re Marriage of Olsen,* 24 Wn. App. 292, 295, 600 P.2d 690 (1979). Equitable principles, however, have been applied to mitigate the harshness of some claims for past child support when their application does not work an injustice to the custodial parent or to the child. *Hartman v. Smith,* 100 Wn.2d 766, 768–69, 674 P.2d 176 (1984). Because of the many similarities between child support and maintenance, we believe that these equitable principles are also applicable to spousal maintenance.

█ Thomas contends that the equitable principle of laches is appropriate to this case. To establish laches, the defendant has the burden of proving that:

> (1) the plaintiff had knowledge of the facts constituting a cause of action or a reasonable opportunity to discover such facts; (2) there was an unreasonable delay in commencing the action; and (3) there is damage to the defendant resulting from the delay.

---

[1]At oral argument, Thomas claimed that Adele waived her right to the unpaid maintenance. Thomas did not raise waiver in his brief, nor did he provide any legal authority in support of this contention. An appellate court will not consider contentions which are not supported by citation of authority or legal argument. *See, e.g., Transamerica Ins. Group v. United Pac. Ins. Co.,* 92 Wn.2d 21, 593 P.2d 156 (1979); *Valente v. Bailey,* 74 Wn.2d 857, 447 P.2d 589 (1968).

*In re Marriage of Watkins,* 42 Wn. App. 371, 374, 710 P.2d 819 (1985), *review denied,* 105 Wn.2d 1010 (1986).[2] The doctrine of laches should not be invoked to bar an action commenced within the statutory limitation period unless the defendant has altered his or her position making it inequitable to enforce the claim. *Rutter v. Rutter,* 59 Wn.2d 781, 785, 370 P.2d 862 (1962); *In re Marriage of Hunter,* 52 Wn. App. 265, 270–71, 758 P.2d 1019 (1988), *review denied,* 112 Wn.2d 1006 (1989); *Brost v. L.A.N.D., Inc.,* 37 Wn. App. 372, 375–76, 680 P.2d 453 (1984). "So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly". *Crodle v. Dodge,* 99 Wash. 121, 131, 168 P. 986 (1917).

In this case, it is undisputed that Adele had knowledge of facts constituting a cause of action. Adele filed her claim for arrearages 28 months after the first insufficient maintenance check, well within the 10–year statute of limitation. *See* RCW 4.16.020(2). Even if this court were to hold that 28 months constitutes an unreasonable delay, Adele's action would only be barred if Thomas had suffered damage as a result so that it would be inequitable to allow Adele to enforce her claim. *Hunter,* 52 Wn. App. at 270–71.

Thomas conceded at oral argument that he did not undertake major financial obligations that he would otherwise have forsaken had he anticipated paying the outstanding maintenance. Nevertheless, Thomas argues that he will be damaged substantially by the requirement that he now pay the arrearage because he will have spent substantial sums on appellate attorney fees and because he anticipated having the unpaid maintenance available for future financial obligations. We reject Thomas' arguments. A defendant "cannot be said to be 'damaged' simply by having to do now what he was legally obligated to do years ago." *Hunter,* 52 Wn. App. at 271; *see also Rutter,* 59 Wn.2d at 785–86.

---

[2]*Watkins* contains some broader language about which we subsequently expressed reservations. *See In re Marriage of Hunter,* 52 Wn. App. 265, 268–69, 758 P.2d 1019 (1988), *review denied,* 112 Wn.2d 1006 (1989).

Thus, the trial court's decision cannot be upheld by application of the principle of laches.

Thomas also contends that equitable estoppel should operate to bar Adele's claim for past–due maintenance. A defendant who asserts equitable estoppel must establish: (1) an admission, statement, or act by the plaintiff that is inconsistent with the claim afterward asserted; (2) action by the defendant on the faith of such admission, statement, or act; and (3) injury resulting from allowing the plaintiff to contradict or repudiate such admission, statement, or act. *Roy v. Cunningham*, 46 Wn. App. 409, 415, 731 P.2d 526 (1986), *review denied*, 108 Wn.2d 1018 (1987). Equitable estoppel is not favored, and the party who asserts it must prove every element with clear, cogent, and convincing evidence. *Mercer v. State*, 48 Wn. App. 496, 500, 739 P.2d 703, *review denied*, 108 Wn.2d 1037 (1987).

Here, Adele provided Thomas with copies of the SSA printouts which indicated that Adele would not receive a check every month, and there is no evidence that Adele told Thomas that she was receiving social security benefits every month. Adele, however, did not notify Thomas when his payments were insufficient or when her benefits deviated from the printouts.

Even if we agreed that the above actions are inconsistent with Adele's claim for arrearage and that Thomas relied on those actions, as discussed above in connection with the issue of laches, Thomas "has failed to demonstrate any 'injury' other than having to do now what he was legally obligated to do years ago." *Hunter*, 52 Wn. App. at 273. Therefore, equitable estoppel is inapplicable, and the trial court's order must be reversed with directions to enter judgment for the entire arrearage. *Hunter*, 52 Wn. App. at 273; *see also In re Marriage of Oliver*, 43 Wn. App. 423, 426, 717 P.2d 316 (1986).

Adele is also entitled to interest on the unpaid maintenance. Each installment of spousal maintenance becomes a separate judgment and bears interest from the due date. *Valley*, 30 Wn. App. at 913. A court has no power

to provide for payment of overdue maintenance without interest. *Lambert v. Lambert,* 66 Wn.2d 503, 510, 403 P.2d 664 (1965); *see also* RCW 4.56.110(3) (interest on judgments). We therefore remand the case to the trial court so it can calculate the interest owed on the unpaid maintenance.

Adele requested her trial attorney fees pursuant to RCW 26.09.140.[3] The trial court determined that Thomas could well afford to pay and that Adele needed to have her reasonable attorney fees paid. The trial court, however, without explanation, awarded Adele only $500 of the $2,232.69 attorney fees incurred in the enforcement proceeding. Adele contends that given her need, and Thomas' ability to pay, the trial court should have made a higher award.

■ The allowance and amount of attorney fees in a proceeding under RCW Title 26 rests in the discretion of the court, and an appellate court will only interfere with an award where there is proof that the trial court's decision was manifestly unreasonable or clearly untenable. *Abel v. Abel,* 47 Wn.2d 816, 819, 289 P.2d 724 (1955). While the award here is not patently unreasonable, there is no indication in the record of how the court reached the $500 figure. Thus, we vacate the attorney fee award and remand this matter to the trial court for reconsideration. *See Progressive Animal Welfare Soc'y v. UW,* 54 Wn. App. 180, 186–87, 773 P.2d 114 (1989).

Adele also requests her appellate attorney fees pursuant to RCW 26.09.140. Adele submitted an affidavit to this court that supports her current need as required by RCW 26.09.140. *See In re Marriage of Coons,* 53 Wn. App. 721,

---

[3]RCW 26.09.140 provides in part:

"The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorney's fees or other professional fees in connection therewith, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or enforcement or modification proceedings after entry of judgment."

722–23, 770 P.2d 653 (1989). Her lawyer submitted an affidavit in compliance with RAP 18.1(c), which indicates that $3,875 in attorney fees have been incurred in prosecuting this appeal. The statement appears reasonable. Thomas has not submitted any contravening affidavit regarding need or ability to pay, nor has he challenged the amount requested. We therefore find that Adele is entitled to an award of attorney fees in the amount of $3,875.

FORREST, J., and COLE, J. Pro Tem., concur.