[No. 30030-0-I.   Division One.   April 26, 1993.]

*In the Matter of the Marriage of* TONI T. STOLTZFUS,
*Appellant, and* ERNEST R. STOLTZFUS,
*Respondent.*

*George W. Schoonmaker,* for appellant.

*Valerie A. Bell, Jonathan S. Solovy,* and *Bell, O'Connor, Flegenheimer & Leong,* for respondent.

BAKER, J. — In this case we are asked to decide whether a voidable escalation clause in the parties' divorce decree can be retroactively enforced to collect unpaid child support obligations which have accrued over a 10-year period. We hold that the voidable clause may not be retroactively enforced, and therefore affirm.

## I

The parties' dissolution decree granted sole custody of their only child to the mother and set the child support obligation of the father at $250 per month until the child reached the age of 18. The decree contained a child support escalation clause which provided:

> Beginning on July 1, 1979 and on each July 1 during the succeeding years until the minor child of the parties reaches eighteen (18) years, the amount of the child support shall be adjusted to conform to changes in the Consumer Price Index for all urban consumers, based on national figures.

Over the years, the father made child support payments which generally averaged $300 per month. In May 1991 the mother sought judgment for unpaid child support. A court commissioner awarded the mother judgment for principal

and interest, and awarded her attorney's fees. The Superior Court reversed the commissioner's order, citing as controlling authority *In re Marriage of Coyle*, 61 Wn. App. 653, 811 P.2d 244, *review denied*, 117 Wn.2d 1017 (1991).

## II

Automatic escalation clauses in dissolution decrees are unenforceable unless the provision for escalation reflects the ability of the noncustodial spouse to pay and the needs of the children, and includes a ceiling on the total amount of child support. *In re Marriage of Edwards*, 99 Wn.2d 913, 918-19, 665 P.2d 883 (1983). The "clear evil" of escalation clauses tied solely to the Consumer Price Index (CPI) has been repeatedly recognized by Washington courts. *In re Marriage of Ortiz*, 108 Wn.2d 643, 740 P.2d 843 (1987); *Edwards*, 99 Wn.2d at 917; *Coyle*, 61 Wn. App. at 659-60; *In re Marriage of Oliver*, 43 Wn. App. 423, 425-26, 717 P.2d 316 (1986).

Escalation clauses based solely on the CPI and thus not meeting the *Edwards* criteria are voidable. *Ortiz*, 108 Wn.2d at 649. The *Ortiz* court explained that

> where a court has jurisdiction over the person and the subject matter, no error in the exercise of such jurisdiction can make the judgment void, and that a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith. This is true even if there is a fundamental error of law appearing upon the face of the record. Such a judgment is, under proper circumstances, voidable, but until avoided is regarded as valid.

*Ortiz*, 108 Wn.2d at 649-50 (quoting *Dike v. Dike*, 75 Wn.2d 1, 8, 448 P.2d 490 (1968)).

The court further ruled that the *Edwards* holding is not retroactive, meaning that Mr. Ortiz was not entitled to reimbursement for the escalated amounts of child support he paid pursuant to the voidable dissolution decree:

> Mr. Ortiz was entitled to seek modification of the support decree with respect to his future obligations thereunder. Mr.

Ortiz was not, however, entitled to reimbursement for the support moneys he paid in excess of the basic $150 per month child support payments ordered by the dissolution decree.

(Footnote omitted.) *Ortiz*, 108 Wn.2d at 650.

In *Coyle* the court considered whether a voidable spousal maintenance clause could be retroactively enforced to compel payment of unpaid spousal maintenance. After noting that the clause did not meet the *Edwards* criteria because it was tied solely to the CPI, the court stated:

> *In re Marriage of Ortiz*, 108 Wn.2d 643, 649, 740 P.2d 843 (1987) held such escalation clauses as to child support voidable, but not void; thus, the payer in that case was not entitled to reimbursement for sums paid in excess of the basic amount. *Ortiz*, at 650. Likewise, the escalation clause in the Coyle decree as to spousal maintenance is voidable; it cannot be retroactively applied to enforce payment of claimed unpaid amounts. *See In re Marriage of Oliver*, 43 Wn. App. 423, 425, 717 P.2d 316 (1986).

*Coyle*, 61 Wn. App. at 660.

■ The escalation clause here does not meet the *Edwards* criteria and therefore is voidable. The question presented is whether the voidable decree nonetheless should be retroactively enforced to compel payment of the unpaid child support obligations which have accrued over a 10-year period. Appellant argues that the decree should be retroactively enforced, asserting that the unpaid child support installments are judgments which may not be modified, and that the *Coyle* decision is wrong. We agree with the trial court that *Coyle* controls, and therefore hold that the voidable support decree cannot be retroactively enforced to collect any unpaid child support.

Appellant's first argument is that unpaid child support obligations are judgments which may not be modified. Generally, "child support payments become vested judgments as the installments come due. The accumulated judgments may not be retrospectively modified by a court when acting upon a petition to modify a divorce decree." *Schafer v. Schafer*, 95

Wn.2d 78, 80, 621 P.2d 721 (1980). Notwithstanding this general rule,

> [s]pecial circumstances of an equitable nature . . . may justify a court crediting payments against the accrued support owing when that can be done without injustice to the one to whom the divorce decree directed the installments be paid.

*Schafer*, 95 Wn.2d at 81. *See also Hartman v. Smith*, 100 Wn.2d 766, 769, 674 P.2d 176 (1984) (estoppel barred mother's claim for reimbursement for moneys expended on behalf of the child where she represented that upon adoption of the child by stepfather, he would no longer have duty to provide child support); *In re Marriage of Watkins*, 42 Wn. App. 371, 710 P.2d 819 (1985) (court applied doctrine of laches to preclude mother's claim for past support due where father detrimentally relied on mother's delay in bringing suit), *review denied*, 105 Wn.2d 1010 (1986); *Lang v. Lang*, 40 Wn. App. 758, 700 P.2d 375 (1985) (court applied equitable principles to relieve the father of unpaid support obligations by giving the father credit for periods of time when the children lived with him). Appellant's first argument is thus unpersuasive.

Appellant next argues that the holding in *Coyle* that the voidable spousal maintenance clause could not be retroactively enforced is, for a variety of reasons, wrong. First, she contends that *Coyle* is directly contrary to the holding in *Ortiz*. This argument is based in part on the fact that *Coyle* cites an earlier case, *In re Marriage of Oliver*, 43 Wn. App. 423, 425, 717 P.2d 316 (1986), for the proposition that invalid escalation clauses cannot be retroactively applied to enforce payment of claimed unpaid amounts. She claims that the *Coyle* court's reliance on *Oliver* was error because *Oliver* did not deal with the issue of retroactivity and it incorrectly held that escalation clauses not meeting the *Edwards* criteria are void rather than voidable.

We disagree. In *Oliver* the parties' dissolution decree contained an escalation clause based solely on the CPI. Mr. Oliver never increased the support payments in accordance with the escalation clause. Subsequently, Mrs. Oliver brought an

action to collect on the back support due. *Oliver*, 43 Wn. App. at 425. Noting that the escalation clause did not meet the *Edwards* criteria, we concluded as follows: "Thus, while the judge refused enforcement in this case for different reasons his actions must be sustained on appeal as a result of [*In re Marriage of*] *Peters*[, 33 Wn. App. 48, 651 P.2d 262 (1982)] and *Edwards*." *Oliver*, 43 Wn. App. at 425.

Oliver did not hold that escalation clauses not meeting the *Edwards* criteria are void. Although the Court of Appeals' subsequent decision in *Ortiz* interpreted the holding in *Oliver* to be that escalation clauses tied solely to the CPI are void, we find no support for this in the opinion itself. Further, although the *Oliver* court did not explicitly refer to the issue of retroactivity, its holding necessarily contemplated that concept because the court denied the mother's action for judgment for past accumulated increases in child support.

Moreover, there is no basis for the appellant's assertion that *Oliver* was overruled by the Supreme Court's decision in *Ortiz*. *Ortiz* does not cite *Oliver* or expressly overrule it. Thus, the appellant's assertion that *Coyle* has no validity because it is based exclusively on *Oliver*, which has been overruled, has no merit. Finally, the holding in *Coyle* is not directly contrary to *Ortiz*. It does not necessarily follow from the holding in *Ortiz* that all past obligations are enforceable.

We hold that in this context a voidable judgment is unenforceable, either prospectively or retrospectively, and nothing which has been done pursuant to the decree may be undone over objection. Accordingly, we affirm the judgment of the trial court. The parties' requests for attorney fees are denied.

WEBSTER, C.J., and AGID, J., concur.

Review denied at 122 Wn.2d 1011 (1993).